UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 1:16-cv-920 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| STATE OF OHIO, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY
DECLINING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 4) AND
GRANTING PETITIONER'S MOTION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS* (Doc. 5)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on October 11, 2016, submitted a Report and Recommendation. (Doc. 4).

Since the Magistrate Judge issued the Report and Recommendation, Plaintiff has made four filings to address the recommendation that he be denied *in forma pauperis* status: motion for leave to proceed *in forma pauperis* (Doc. 5); motion for extension of time to pay fees (Doc. 6); "a distinct and detailed supplement and final of complaint upon necessity" (Doc. 7); and motion for applicability of the rules in general, and pleading special matters (Doc. 8). Each of these filings attempt to address the Magistrate Judge's recommendation that Plaintiff be denied *in forma pauperis* status pursuant to 28 U.S.C.

1

§ 1915(g) on account of the fact that at least three prior complaints Plaintiff filed while in custody were dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted. *See, e.g., Christopher Foster v. City of Cincinnati, et al.,* Case No. 1:14-cv-617 (S.D. Ohio June 22, 2015) (Barrett, J.; Bowman, M.J.) (Docs. 4, 20, 23-24); *Christopher Foster v. State of Ohio, et al.*, Case No. 1:14-cv-668 (S.D. Ohio Nov. 3, 2014) (Beckwith, J.; Litkovitz, M.J.) (Docs. 4, 7-8); *Christopher Foster v. Hamilton Cnty., et al.,* Case No. 1:14-cv-642 (S.D. Ohio Oct. 20, 2014) (Black, J.; Litkvitz, M.J.) (Docs. 4, 7-8).

In view of his three "strikes," Mr. Foster may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012)

(per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

Upon review of the Complaint, as well as Plaintiff's filing following the report and recommendation, the Court concludes that Plaintiff has adequately alleged imminent harm in a manner sufficient to allow the Court to grant him *in forma pauperis* status. Plaintiff alleges in a motion filed on November 17, 2016, that "[s]taff members [of the prison where Plaintiff is incarcerated] have been planning their next attack on me[.]" (Doc. 8, at 7). Another motion filed the same day states that "[Plaintiff doesn't] know when the CIOs that once attacked [him] previously *or Bare, the sergeant that threatens to attack [him] regularly here* is going to act." (Doc. 7, at 4 (emphasis added)). Plaintiff's complaint also alleges that he is currently being denied proper medical treatment—for example, Plaintiff alleges that he has a skin disease that is not being treated. (Doc. 1, at 5). These allegations are unquestionably alleging imminent harm and meet the pleading standard for granting *in forma pauperis* status, which only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." (*Vandiver*, 416 F. App'x at 562 (quoting Fed. R. Civ. P. 8(a)(2) and applying that pleading standard to the imminent harm exception to 28 U.S.C. § 1915(g)'s three strike rule)).

As a *pro se* plaintiff, Plaintiff is entitled to have his complaint liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94, (2007) (noting that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

3

drafted by lawyers" (internal quotation marks and citations omitted)).  Because his claims allege imminent harm and meet the basic required pleading standard, Plaintiff may proceed *in forma pauperis* in this civil action.

    Accordingly, for good cause shown:

(1) The Magistrate Judge's Report and Recommendation (Doc. 4) is **DECLINED**;

(2) Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED;**

(3) Plaintiff's motion for extension of time to pay fees (Doc. 6) and motion for applicability of the rules in general, and pleading special matters (Doc. 8) are **DENIED AS MOOT.**

    **IT IS SO ORDERED.**

Date:  12/5/16                                                                                       *s/ Timothy S. Black*
                                                                                            Timothy S. Black
                                                                                           United States District Judge