UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER FOSTER,    Case No. 1:16-cv-920
    Plaintiff,

                                             Black, J.
    vs.    Bowman, M.J.

STATE OF OHIO,    **REPORT AND**
    Defendant.    **RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that in September 2014, while at the Toledo Correctional Institution, plaintiff had a conversation with Roger Wilson, the Chief Inspector, asking for his help. Plaintiff claims at this time he was in isolation for over 210 days and was being treated like an animal. According to plaintiff, "I was forced to disrupt just to even get a shower as I was denied any form of recreation." (Doc. 1-1, Complaint at PageID 1).

Plaintiff next claims that on or about September 12, 2014, Warden John Coleman ordered a group of officers to take a cart and dispose of all of plaintiff's legal work. Plaintiff further claims that his personal items were taken, including a movie script that took years to write and he was in negotiation of selling, along with over 100 songs and a music deal, for a total of 5 million dollars. Plaintiff claims Lt. Berderman was one of the officers who executed the order and that Kelly Robertson "knew of this stuff" and did nothing to advocate that federal rights were enforced. (*Id.*). According to plaintiff, he was told that his property would be sent to SOCF, where he was to be transferred.

3

Plaintiff alleges that he was greeted with racist and derogatory remarks upon his transfer to SOCF. He claims that his wheelchair was run into every crash gate and that officers threatened to push him down the stairs, before three supervisors stopped them and said they had a better idea. Plaintiff alleges he was taken to the J-1 ramp and handcuffed behind the back and ankles, before officers Rardin, Southworth, Neff, Parish, and John Doe allegedly beat him to the point he could not feel his lungs. (*Id.* at PageID 20). Officer Workman allegedly informed plaintiff "that was just a taste we kill people here, this is where you are going to die here." (*Id.*). According to plaintiff, Workman also told him that he would be back to fill his cell with grenades and men until I die beating me to death." (*Id.*). Plaintiff claims that Chief Inspector Wilson was informed but "supported it all." (*Id.*).

Following the incident, plaintiff claims that he was denied all medical treatment by Dr. Ahmed Fiscal. According to plaintiff, Fiscal told him that he did not like plaintiff "and he was in conspiracy, blatantly." (*Id.* at PageID 3). Plaintiff maintains that he is still not receiving any medical treatment or aid. (*Id.* at PageID 5). He claims he experiences chronic pain and his "skin disease" is not being treated. (*Id.*).

The complaint also contains allegations regarding his conditions of confinement while at SOCF. Plaintiff claims that his cell is not wheelchair accessible, as he was placed in a cell with a toilet he could not access[1] and that he is dragged up and down the stairs whenever he enters or leaves the unit. According to plaintiff, he is denied access to a wheelchair except when using the

---

[1] Plaintiff claims "I was denied all accessibility, showers, recreation, med treatment, etc. . . when I dropped feces or urinated, I had to use a trey and transfer the hazard into the toilet that I could not access (non A.D.A. cell)." (*Id.* at PageID 3). Plaintiff also indicates in the complaint that he filed a state civil suit and when the summons arrived on October 23, 2014, he was given a wheelchair and an accessible cell to "cover it up." (*Id.*).

4

shower. Plaintiff also complains about the conditions generally.[2] Without elaboration, plaintiff claims "D.W.S.S. Cadogan, DWO Cool, U.M.A. Davis, Warden Morgan, and others were all in conspiracy throughout the whole thing." (*Id.* at PageID 3).

Plaintiff also appears to contest his conviction and sentence in the complaint, claiming that he is illegally detained because his judgment of conviction became void in 2015. (*Id.* at PageID 4). Plaintiff claims that "[a]ccording to BCI I am not even supposed to be in prison. According to known law as well." (*Id.*).

Regarding his personal property, plaintiff claims that his items were not returned to him after being transferred to SOCF. He also claims that his television and "muscle equipment were destroyed," and that officer Neff destroyed his shoes and clothing. (*Id.* at PageID 3). Plaintiff further alleges that he was denied his legal work taken prior to his transfer and that Ms. Aldridge denied him legal access. As a result plaintiff claims three of his civil suits were impeded.

In a supplemental document filed with the Court, plaintiff claims that on January 19, 2017, Sgt. Bear and Felts sent staff to his cell to harass him. (Doc. 10 at PageID 40). According to plaintiff, he has been denied all hygiene items, including a toothbrush, toothpaste, soap, and deodorant. He claims that upon requesting these items, Lt. Dyer made disrespectful remarks to him and Sgt. Bear stated "fuck you bitch! We not letting you do shit motherfucker," before he began to dispense mace from a large fogger can into his face. (*Id.*). Plaintiff claims Bear left his cell for a couple minutes, before returning with another can and spraying plaintiff in the face with more mace. (*Id.* at PageID 41). Plaintiff claims he is not allowed to access the

---

[2] Plaintiff claims "[t]his cell is disgusting and I am not even able to get any cleaner or have it cleaned of mold, insects, worms, dirt, etc. . . The sink does not even work properly. The mold is so strong I can smell it." (*Id.* at PageID 5).

phone, commissary, shower, or medical needs for his skin disease. (*Id.* at PageID 42). He claims he has not had a shower since January 18, 2011.

For relief, plaintiff seeks monetary damages. (Doc. 1 at PageID 5).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on his allegations that these defendants attacked him upon his arrival to SOCF. Plaintiff may also proceed with an excessive force claim against Sgt. Bear based on the January 17, 2017 attack as alleged in the supplement to the complaint. The undersigned further finds that plaintiff's claim that he has been denied medical care against Dr. Ahmed Fiscal may proceed. Finally, plaintiff may proceed with his conditions of confinement claims at SOCF, including his claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear.[3]

However the complaint should be dismissed as to the remaining defendants/claims.

First, plaintiff's claims against the State of Ohio and all defendants in their official capacities must be dismissed to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the

---

[3] Plaintiff has not provided service copies, summons forms or United States Marshal forms so that service may be made on defendants. By separate order this date, the undersigned has issued a Deficiency Order requiring plaintiff to provide summons and United States Marshal forms for service.

action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the State of Ohio and all defendants in their official capacities are immune from suit.

To the extent that plaintiff seeks to bring this action against the Toledo Correctional Institution, the Southern Ohio Correctional Facility, or the Ohio Department of Rehabilitation and Correction (*see* Doc. 1 at PageID 5), his claims against these defendants should also be dismissed. His claims against the ODRC, SOCF, and ToCI should be dismissed because only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. *Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). Therefore plaintiff's claims against these defendants should be dismissed.

Plaintiff's conspiracy claims should also be dismissed. "It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

Plaintiff's conclusory claims that Dr. Ahmed "was in conspiracy, blatantly" and "D.W.S.S. Cadogan, DWO Cool, U.M.A. Davis, Warden Morgan, and others were all in conspiracy throughout the whole thing" (*See* Doc. 1 at PageID 3), are insufficient to state a claim upon which relief may be granted.

Plaintiff's claims relating to the failure of individuals to investigate and/or respond to his grievances should also be dismissed. As noted above, plaintiff alleges that Chief Inspector Wilson was informed about the conduct of other officers but "supported it all" (Doc. 1 at PageID 20), that Kelly Robertson knew about his personal property being taken and failed to take action (*Id.* at PageID 1), and that Mahlman "was one of the administrators that aided in covering up the unlawful beatings and threats/deliberate indifference of Dr. Ahmed and officers." (Doc. 2 at PageID 11). However, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims seeking to hold defendants liable for failure to take corrective action or investigate should be dismissed.

Plaintiff has also failed to state a claim upon which relief may be granted with respect to his personal property. To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are

8

inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff has also failed to state a claim upon which relief may be granted based on his allegation that his legal work was destroyed. Under the First Amendment, prisoners have a fundamental right of access to the Courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 350-51). "Actual injury" is not shown "without a showing that such a claim

9

has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers,* No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). "In other words, an inmate who claims that his access to courts was denied fails to state a claim 'without any showing of prejudice to his litigation.'" *Wilburn*, 43 F. App'x at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

In this case, plaintiff fails to allege facts showing that he suffered any actual injury as a result of the destruction of his legal materials. Although, plaintiff claims his cases were impeded without any supporting facts, he has not alleged facts showing he has been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding based on the defendants' conduct. Without such allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment.

To the extent that plaintiff seeks to challenge his conviction and sentence, he must file a petition for a writ of habeas corpus. As noted above, plaintiff claims that he is illegally detained because his judgment of conviction became void in 2015. (*Id.* at PageID 4). However, where a state prisoner challenges the validity of his criminal conviction and seeks relief which would result in his immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not pursue habeas corpus relief through a civil rights action under Section 1983.

Plaintiff's claims seeking to hold defendants liable for threats and verbal harassment should be dismissed. The complaint contains numerous allegations of threats and harassment. However, it is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (in affirming dismissal of Eighth Amendment claim based on a correctional employee's "alleged offer of sexual favors," the Sixth Circuit stated that "verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim"); *Montgomery v. Harper,* No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (and Sixth Circuit cases cited therein) (dismissing an inmate's § 1983 claim alleging "verbal harassment" and "abusive language" by a state correctional officer). *Cf. Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3rd Cir. 2013) (and Sixth, Fifth and Tenth Circuit cases cited therein) ("mere threatening language does not amount to a constitutional violation"). Therefore, plaintiff has not stated a viable claim for relief under the Eighth Amendment to the extent he alleges that defendants verbally harassed and threatened him.

Finally, the complaint contains a number of conclusory allegations that should be dismissed. Without any additional factual content, plaintiff claims that Steve Carter denied him toilet access purposely; Major Warren threatened his life and sent staff members to physically beat him at a later time; Roger Wilson "banned me from humane contact from 2014-2015;" "O'Connor and Oppy have facilitated [other officers'] behavior and made it clear by saying they don't care about Federal regulations;" Hammerick, Lt. Phillips, Coons, Danhoff, and John Doe

11

tampered with his food; Nurse Koons gave him other inmates medication; Mike DeWine and Christopher Bagi harassed him for seeking redress; D.W.O. Bowerman and Lt. Copley threatened and harassed him; and "David Bobby involved." (*See* Doc. 1 at PageID 3–4). These conclusory allegations, devoid of further factual enhancement, should also be dismissed. *See Twombly*, 550 U.S. at 557.

Accordingly, in sum, the undersigned finds that plaintiff may proceed on the following causes of action: (1) Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on plaintiff's allegation that these officers attacked him upon his arrival to SOCF; (2) excessive force claim against Sgt. Bear based on the January 17, 2017 attack; (3) deliberate indifference claim against Dr. Ahmed Fiscal; and (4) conditions of confinement claims at SOCF, including plaintiff's claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear. Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, the remainder of the complaint should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

All of plaintiff's claims for relief be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of the following: (1) plaintiff's Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on plaintiff's allegation that these officers attacked him upon his arrival to SOCF; (2) his excessive force claim against Sgt. Bear based on the January 17, 2017 attack; (3) his deliberate indifference claim against Dr. Ahmed Fiscal; and (4) plaintiff's conditions of confinement claims at SOCF, including plaintiff's claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHRISTOPHER FOSTER,  
    Plaintiff,

vs.

STATE OF OHIO,  
    Defendant.

Case No. 1:16-cv-920

Black, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).