**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER FOSTER,

      Plaintiff,

      v.

STATE OF OHIO, et al.,

      Defendants.

Case No. 1:16-cv-920

Black, J.
Bowman, M.J.

**OPINION AND ORDER**

**I. Background**

Plaintiff, a prisoner currently incarcerated at the Southern Correctional Facility (SOCF) and a prolific litigant in both the state and federal courts of Ohio,[1] filed this §1983 action alleging violations of his civil rights while he was incarcerated at the Toledo Correctional Institution (ToCI), as well as after his transfer to SOCF. His original complaint alleges that in September 2014, while at ToCI, he sought help from Chief Inspector Roger Wilson because he was treated like an animal. On September 12, 2014, he alleges that ToCI Warden Coleman ordered ToCI officers to take and dispose of Plaintiff's legal work and other property. After his transfer to SOCF, Plaintiff alleges that he was subjected to racist and derogatory remarks, and was physically assaulted

---

[1] *See, e.g.,* Southern District of Ohio Case Nos: 1:14-cv-617; 1:14-cv-668; 1:14-cv-642; 1:15-cv-595; 1:15-cv-713; 1:16-cv-835;1:16-cv-846; *see also* Northern District of Ohio Case Nos. 3:15-cv-404; 3:16-cv-658; 3:16cv-2109; 3:16-cv-2168; 3:15-cv-2256; 3:16-cv-476; 3:16-cv-1535; 316-cv-1715. In addition, a recent filing by Plaintiff himself prompted this Court to briefly examine state court filings, which reflect fourteen cases filed by Plaintiff in the Ohio Court of Claims alone, plus a sufficient number of additional cases in the Franklin Court of Common Pleas to cause that court to consider whether Plaintiff should be deemed a "vexatious litigator."

by a number of officers, including Defendants Rankin, Southworth, Neff, Parish, and John Doe, and possibly Workman. Plaintiff alleges that Defendant Dr. Ahmed Fiscal denied him medical care after the assault, and continues to deny him care for a skin disease. The original complaint contains additional allegations regarding Plaintiff's conditions of confinement, as well as an attack on Plaintiff's conviction and sentence.

The undersigned initially filed an R&R recommending that Plaintiff's motion to proceed *in forma pauperis* be denied, as he had previously filed at least three cases in this Court that had been dismissed at the screening stage, and had failed to demonstrate "imminent danger" under 28 U.S.C. § 1915(g). However, the presiding district judge rejected that R&R on December 5, 2016, determining that Plaintiff had "adequately alleged imminent harm in a manner sufficient to allow the Court to grant him *in forma pauperis* status," (Doc. 9 at 3, PageID 37). Thereafter, the undersigned conducted a full screening of the merits of Plaintiff's claims under 28 U.S.C. § 1915(e) and permitted the following of Plaintiff's claims to proceed:

> (1) Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on plaintiff's allegation that these officers attacked him upon his arrival to SOCF; (2) excessive force claim against Sgt. Bear based on the January 17, 2017 attack; (3) deliberate indifference claim against Dr. Ahmed Fiscal; and (4) conditions of confinement claims at SOCF, including plaintiff's claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear. Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, the remainder of the complaint should be dismissed.

(Doc. 12 at 12, PageID62; adopted at Doc. 25). The undersigned directed the U.S. Marshal to serve a copy of the complaint as supplemented upon Defendants Rardin, Southworth, Neff, Parish, Workman, Bear, Faisal, Erdos and Dyer. (Doc. 18).

To date, service has been perfected on Defendants Rardin, Parish, Bear, Erdos and Dyer, but has not yet been perfected on Defendants Southworth, Neff, Workman, or Dr. Ahmed Fiscal. Recently, the Court received notice that Defendant Southworth is deceased. On May 16, 2017, the Court directed the Ohio Attorney General to supply additional information for Defendants Workman, Ahmed [Fiscal][2] and Neff, so that service can be reissued. (Doc. 32).

In the meantime, Plaintiff has inundated this Court by filing 18 motions through June 2, 2017. By separate R&R filed this same day, the undersigned has addressed all of Plaintiff's dispositive motions. This Opinion and Order is intended to address Plaintiff's remaining non-dispositive motions. A separate Order addresses the issue of service of the remaining Defendants.

## II. Analysis of Five Motions (Docs. 14, 15, 16, 17, 33)

Several of Plaintiff's motions appear to be in the nature of objections to one or both of the prior R&Rs filed by the undersigned, and therefore are moot, given Judge Black's subsequent Orders rejecting the first R&R and adopting the second R&R. For example, on March 8, 2017. Plaintiff filed a motion "to Correct Plaintiff's Motion for Partial Objections of R&R Combined with Motions to Issue Serv. On Defendant and Reserve Completion of Objection at Earliest of Able – Within Ninety Days." (Doc. 14). In addition to the referenced issues, the motion generally contains many complaints about the denial of envelopes from the commissary, the denial of access to a shower, and multiple other conditions that Plaintiff alleges are in violation of his rights.

---

[2]This Defendant's name is spelled variously as Ahmed, Ahmad, and Fiscal in the present record. In a related case filed by Plaintiff in the Ohio Court of Claims, the same person appears to have been identified as "Dr. Faisal."

The Court declines to consider Plaintiff's iteration of additional complaints and allegations about the conditions of his confinement in the context of this motion. The eighteen motions he has filed thus far in this case, in addition to the objections previously filed and considered by the presiding district judge, confirm that Plaintiff is not being denied his right of access to this Court. Plaintiff also has already amended his complaint once as of right, as his supplemental filing previously was considered by this Court to establish imminent danger. Plaintiff's objections to the R&Rs have already been considered by Judge Black, and service has been issued. Service on the remaining Defendants is addressed by separate Order. Therefore, the motion filed as Docket Entry 14 will be denied as moot.

On March 8, 2017, Plaintiff filed a second motion entitled "Motion of Exhibit from Roger Wilson." (Doc. 15). To the extent that Plaintiff is seeking to file any form of "evidence" in support of his underlying complaint, as amended, the motion is procedurally improper. Evidentiary exhibits may be filed to support a dispositive motion (typically filed at the close of discovery) or – rarely – in other circumstances to support specific relief. The motion filed by Plaintiff merely reiterates general and specific claims made in his underlying complaint. The motion is procedurally improper and there exists no basis for admitting the attached exhibit; therefore, the motion will be denied.

A third motion filed on March 8, 2017 is entitled "Notion Iss. Serv. Set. Identi. Of John Doe Combined Motion for Extension of Time Pro Object R&R (Doc. 12) /w Exhibits Attatched Hereto 3:01-04 [sic]." (Doc. 16). To the extent this this motion concerns service on John Doe, it is denied as moot in light of the recommended dismissal of that Defendant. The motion also appears to be moot in other respects. The evidentiary

exhibits attached to the motion are procedurally improper and will not be further considered for the reasons previously stated.

On March 14, 2017, Plaintiff filed a fourth motion captioned as "Applicability of the Rules In general filed under Burden of Estopple [sic]." (Doc. 17). Again, Plaintiff reiterates and adds to the allegations that form the subject matter of his complaint; those allegations will not be considered in the context of this motion. Attached to the motion is another motion captioned as a "Brandeis Brief Herein – Petitioner's Combined Amendment/Supplemental Request, Pursuant 'Extreme' Estopple [sic] & Motion to Investigate After Previous Inadequate Investigation of True Status Quo on Court's Behalf." (Doc. 17 at 3). The arguments contained therein appear to be duplicative of several dispositive motions seeking judgment as a matter of law, and/or prior cases filed by Plaintiff in this court or other courts, including but not limited to seeking Plaintiff's discharge from imprisonment. (Doc. 17 at 8). To the extent the motion is duplicative, it is denied as such. To the extent that it seeks non-dispositive relief, including an order directing defendants to "properly investigate," (Doc. 17 at 9), it is denied both on procedural grounds and as without substantive merit.

The final nondispositive motion addressed by this Order is Plaintiff's motion for the appointment of counsel, filed by Plaintiff on May 22, 2017. (Doc. 33). Civil litigants are not entitled to the appointment of counsel, absent exceptional circumstances not present here.[3]

---

[3] The undersigned notes that in Case No. 3:15-cv-404, a pending case in the Northern District of Ohio, Plaintiff was recently appointed counsel by U.S. District Judge Jeffrey Helmick. (Doc. 33 filed 5/3/17).

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT** Plaintiff's non-dispositive motions (Docs. 14, 15, 16, 17, 33) are **DENIED**.

        */s Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge