# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHRISTOPHER FOSTER,

    Plaintiff,

v.

STATE OF OHIO, et al.,

    Defendants.

Case No. 1:16-cv-920

Black, J.
Bowman, M.J.

## OPINION AND ORDER

**I. Background**

Plaintiff, a prisoner currently incarcerated at the Southern Correctional Facility (SOCF) and a prolific litigant in both the state and federal courts of Ohio,[1] filed this §1983 action alleging violations of his civil rights while he was incarcerated at the Toledo Correctional Institution (ToCI), as well as after his transfer to SOCF. His original complaint alleges that in September 2014, while at ToCI, he sought help from Chief Inspector Roger Wilson because he was treated like an animal. On September 12, 2014, he alleges that ToCI Warden Coleman ordered ToCI officers to take and dispose of Plaintiff's legal work and other property. After his transfer to SOCF, Plaintiff alleges that he was subjected to racist and derogatory remarks, and was physically assaulted

---

[1]*See, e.g.,* Southern District of Ohio Case Nos: 1:14-cv-617; 1:14-cv-668; 1:14-cv-642; 1:15-cv-595; 1:15-cv-713; 1:16-cv-835;1:16-cv-846; *see also* Northern District of Ohio Case Nos. 3:15-cv-404; 3:16-cv-658; 3:16cv-2109; 3:16-cv-2168; 3:15-cv-2256; 3:16-cv-476; 3:16-cv-1535; 316-cv-1715. In addition, a recent filing by Plaintiff himself prompted this Court to briefly examine state court filings, which reflect fourteen cases filed by Plaintiff in the Ohio Court of Claims alone, plus a sufficient number of additional cases in the Franklin Court of Common Pleas to cause that court to consider whether Plaintiff should be deemed a "vexatious litigator."

by a number of officers, including Defendants Rankin, Southworth, Neff, Parish, and John Doe, and possibly Workman. Plaintiff alleges that Defendant "Dr. Ahmed Fiscal" denied him medical care after the assault, and continues to deny him care for a skin disease. The original complaint contains additional allegations regarding Plaintiff's conditions of confinement, as well as an attack on Plaintiff's conviction and sentence.

As he had in prior lawsuits, Plaintiff sought to file his complaint *in forma pauperis* ("IFP") or without the upfront payment of any filing fee. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which requires prisoners to pay filing fees for the suits or appeals that they file, even if they proceed IFP. If IFP status is granted, payment of the filing fee is collected over time through the deduction of partial payments from an inmate's prison account (when funds exist) through a monthly installment scheme. 28 U.S.C. § 1915(b)(2). The PLRA also includes a "three-strikes provision," whereby "[p]risoners whose suits or appeals are dismissed three or more times as frivolous, malicious, or failing to state a claim on which relief may be granted are barred from proceeding IFP 'unless the prisoner is under imminent danger of serious physical injury.'" *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (citing 28 U.S.C. § 1915(g)).

Based upon Plaintiff's litigation history in this Court, the undersigned filed an R&R recommending that Plaintiff's motion to proceed *in forma pauperis* be denied, as he had previously filed three or more cases that had been dismissed at the screening stage, and had failed to demonstrate "imminent danger" under 28 U.S.C. § 1915(g). However, the presiding district judge rejected that R&R on December 5, 2016, determining that Plaintiff had "adequately alleged imminent harm in a manner sufficient to allow the Court to grant him *in forma pauperis* status," (Doc. 9 at 3, PageID 37).

Thereafter, the undersigned conducted a full screening of the merits of Plaintiff's claims under 28 U.S.C. § 1915(e) and permitted the following of Plaintiff's claims to proceed:

> (1) Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on plaintiff's allegation that these officers attacked him upon his arrival to SOCF; (2) excessive force claim against Sgt. Bear based on the January 17, 2017 attack; (3) deliberate indifference claim against Dr. Ahmed Fiscal; and (4) conditions of confinement claims at SOCF, including plaintiff's claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear. Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, the remainder of the complaint should be dismissed.

(Doc. 12 at 12, PageID62; adopted at Doc. 25). The undersigned directed the U.S. Marshal to serve a copy of the complaint as supplemented upon Defendants Rardin, Southworth, Neff, Parish, Workman, Bear, Faisal, Erdos and Dyer. (Doc. 18).

Initially, service was perfected on Defendants Rardin, Parish, Bear, Erdos and Dyer, but was not perfected on Defendants Southworth, Neff, Workman, or Dr. "Ahmed Fiscal" – whose name defense counsel has recently clarified to be "Dr. Faisal Ahmed." On June 12, 2017, the undersigned recommended that Defendant Southworth be dismissed by this Court based upon his death in July 2014; that R&R was adopted over Plaintiff's objection on August 16, 2017. (Doc. 56). Pursuant to the same R&R and Order, summons was issued to the three remaining Defendants: Neff, Workman, and Dr. Ahmed.[2] (Docs. 43, 44, 45). On August 2, 2017, Defendants Neff and Workman filed their Answer. (Doc. 51). The Answer indicated that counsel was filing as an

---

[2]Plaintiff was unable to provide correct addresses for these four Defendants. Therefore, on May 16, 2017, the Court ordered the Office of the Attorney General to provide information in camera concerning whether or not the unserved Defendants were still employed with the Ohio Department of Rehabilitation and Corrections, and the addresses where they might be served. Counsel's response confirmed the death of Defendant Southworth, and provided information used for reissuance of new summons to the remaining three Defendants.

3

"Interested Party" on behalf of the State of Ohio in place of Dr. Ahmed, until a request for representation had been received from that Defendant. (*Id.*)

## II. Pending Motions

Since initiating this case, Plaintiff has filed at least twenty-four motions seeking various forms of relief, in addition to other documents that are not captioned as motions.[3] Six motions filed by Plaintiff are currently pending, as well as two motions recently filed by Defendants. (Docs. 48, 57, 58, 59, 61, 62, 63). This Opinion and Order addresses most of those pending motions.

### A. Motion To Investigate (Doc. 48)

On July 21, 2017, Plaintiff filed a "motion to investigate" in which Plaintiff generally complains about his conditions of confinement, allegedly inadequate medical care, and/or failure of Defendants to diagnose or treat him for the skin disease of "scabies" which Plaintiff alleges he has been "advised" by another inmate or inmates that he *may* be suffering from, and which Plaintiff fears will be the cause of his death. (Doc. 48). Plaintiff seeks in his "motion: to investigate" the following relief: (1) an order sending "a court specialist immediately to take pictures (court master) of my legs and condition to show that I am telling the truth" and to provide proof of Plaintiff's claim of "imminent danger"; (2) correction of a citation error in Plaintiff's objections to the R&R; and (3) an order requiring the U.S. Marshal Service "to pick me up & deliver me to Ohio State penitentiary until I am released from prison…."; and to (4) "act on this motion with haste and caution" to investigate imminent danger on Plaintiff's behalf. (Doc. 48 at 4-

---

[3]The Court's last order noted that "Plaintiff has inundated this Court by filing 18 motions through June 2, 2017."

5). Plaintiff lists a fifth item in his motion, but the undersigned is unable to ascertain its meaning.[4]

Plaintiff's motion will be denied. Plaintiff's *in forma pauperis* status entitles him only to proceed in this suit without the full upfront payment of a filing fee. However, his IFP status does not entitle Plaintiff to an investigator or to a photographer to document his alleged medical condition or any other condition of confinement. Plaintiff's objections have already been ruled on by the presiding district judge, rendering the requested correction of the citation error as moot. The third and fourth requests – for an order requiring transport to a different Ohio prison and/or to "act…with haste and caution" to investigate the "imminent danger" that Plaintiff allegedly faces, both will be denied as procedurally improper requests in the context of the pending non-dispositive motion to investigate, and because they are duplicative of his motion for preliminary injunctive relief.

### B.  Additional Document (non-motion) (Doc. 50)

On August 2, 2017, Plaintiff filed a "Mandamus with Mittimus [sic] Necessity Due to Contemporaneous Imminent Danger Raised in Docs. 1,2, 14 and 16 of this litigation." (Doc. 50). Because the document was not styled as a motion, it was not docketed as such. However, the undersigned notes that the motion could be construed as a motion seeking preliminary injunctive relief and/or a temporary restraining order. The body of the motion contains a reference to "Rule 65(b)(1)" and seeks a "restraining order from S.O.C.F. due to my current long term status quo that was described in (Doc. 25)." (Doc.

---

[4]The fifth item of relief (listed as item 4 on page 4 of his motion) states: "The Northern District Court did appoint an attorney for that case, but that is strictly a case on Toledo (3:15-cv-404 (N.D.) & unlikely to be able to aid fast/soon enough for this sought of safety/remedy is the sole purpose of this matter herein." (*Id.* at 4).

50 at 1). Plaintiff's reference to "Doc. 25" appears to be a reference to Judge Black's Decision and Entry dated April 18, 2017, which adopted an R&R filed on February 28, 2017. (Doc. 12). Because the document is not properly captioned and provided no notice to the Defendants (or indeed to the undersigned) that Plaintiff sought any relief from this Court, and because Plaintiff has filed another motion that more clearly seeks duplicative injunctive relief, the undersigned declines to construe this document as a separate motion and will take no action on it.

### C. Motion for Relief from Magistrate Judge's Order and Motion to Strike Answer (Doc. 57)

On August 21, 2017, Plaintiff filed a "motion for relief from Magistrate Judge's Order," seeking reconsideration of and/or objecting to the order filed on June 12, 2017, that had denied multiple prior motions filed by Plaintiff. (Doc. 57). The same document has been filed as a joint "motion to strike Answer to Complaint." To the extent that the Plaintiff's motion is referred to the undersigned magistrate judge, the undersigned finds no cause to reconsider her prior rulings.[5] In addition, to the extent the motion is construed as objections, such objections appear to be untimely as they were filed far beyond the fourteen-day period after service of the order. Pursuant to Rule 72(a), "[t]he district judge in the case must consider <u>timely</u> objections and modify or set aside any part of the order that is <u>clearly erroneous or is contrary to law</u>." *Id.* (emphasis added). Regardless, this particular motion appears to be directed to the presiding district judge, U.S. District Judge Black, as the motion's "conclusion" section specifies that Plaintiff seeks relief from him rather than the undersigned.

---

[5]The undersigned previously granted certain Defendants leave to file an Answer *Instanter* It is that Answer that Plaintiff apparently seeks to strike for a second time. (Docs. 38, 43).

### D. Motion for Preliminary Injunction and a Temporary Restraining Order (Doc. 58)

On August 24, 2017, Plaintiff filed a motion seeking a preliminary injunction and a temporary restraining order, clearly articulating the immediate injunctive relief he seeks in this lawsuit. (Doc. 58). The undersigned finds it inappropriate to recommend ruling on this motion until such time as the motion has been fully briefed. Defendants have up to and including September 18, 2017 in which to file any response, following which Plaintiff will be allotted fourteen (14) days in which to file any reply memorandum.

### E. Motion for Relief From Void Bias Judgment re Order on Motion to Strike (Doc. 59)

On August 28, 2017, Plaintiff filed a motion for "relief from Void Bias Judgment," again seeking reconsideration of (and/or objecting to) a prior order of the undersigned magistrate judge. (Doc. 59, seeking relief from August 15, 2017 order). The motion repeatedly accuses the undersigned of bias, apparently based solely on adverse rulings that Plaintiff has received to date. To the extent that the motion is construed as a motion seeking recusal of the undersigned magistrate judge, the undersigned finds no cause to recuse, as all rulings have been made in accordance with controlling law, and no grounds exist that would support recusal based upon any bias or impropriety in this case.

### F. Motions Relating to the Tendered Answer of Dr. Faisel Ahmed (Docs. 60, 61, 62, 63)

Four additional motions concern the initial failure of "Dr. Ahmed Fiscal," recently corrected to "Dr. Faisel Ahmed," to timely Answer or respond to Plaintiff's complaint. On September 1, 2017, Plaintiff filed an application for entry of default against the referenced Defendant, and separately filed a motion for default judgment on the same

7

date. A few days later, on September 5, 2017, defense counsel filed a motion for leave to file Dr. Ahmed's Answer *Instanter* as well as a motion for leave to file an Amended Answer of all Defendants (including but not limited to Defendant Ahmed). (Docs. 62, 63).

Defense counsel's motion for leave to file Dr. Ahmed's Answer out of time adequately explains the basis for seeking an extension to file that Defendant's Answer, under the excusable neglect standard. Applying the relevant factors to this case, the undersigned finds that counsel has exhibited good faith in promptly filing the delayed Answer as soon as practicable, and that the initial lack of timeliness by Dr. Ahmed should be excused. *See generally Amick v. Ohio Dep't of Rehab. & Corr.*, 2011 WL 4055246 at *2 (S.D. Ohio Sept. 8, 2011). For similar reasons, the undersigned will grant the request by all Defendants to amend their joint Answer to respond to the added claims contained in the supplement to Plaintiff's complaint filed by Plaintiff on January 27, 2017. (*See* Doc. 63, citing Doc. 10).

The Court's grant of Dr. Ahmed's motion to file his Answer *Instanter* renders moot Plaintiff's recently filed application for a Clerk's entry of default. Technically, the Plaintiff's pending motion for default judgment also could be denied as moot. However, as a dispositive motion, the latter ruling by the undersigned would be by Report and Recommendation and not included in this Order.

The undersigned has already filed several R&Rs in this case, and will be filing another R&R in a fairly short time period, once the Plaintiff's pending motion for preliminary injunctive relief and a temporary restraining order is ripe and fully briefed. Considering the anticipated filing of that R&R, judicial economy favors a short delay in

recommending a formal ruling on the pending motion for default judgment, so that the ruling might be combined into the anticipated R&R on the pending motion for preliminary injunctive relief.

**III. Conclusion and Order**

For the reasons stated, **IT IS ORDERED THAT:**

1. Plaintiff's motion to investigate (Doc. 48) is **DENIED;**

2. The Court will take no further action on the document captioned as "Mandamus With Mittimus Necessity" (Doc. 50);

3. .Plaintiff's duplicate motion to strike Answer and motion for relief from prior order by the undersigned magistrate judge (Doc. 57), to the extent construed as motions for reconsideration of prior rulings, is DENIED. However, to the extent that any portion of Document 57 may be construed as objections to the prior Order of the undersigned magistrate judge under Rule 72(a), the motion should be resubmitted as objections to the presiding district judge;

4. Plaintiff's motion for relief from Void Bias Judgment (Doc. 59) likewise is DENIED to the extent construed either as a motion for reconsideration of prior rulings or a motion seeking recusal of the undersigned magistrate judge. To the extent that the same motion may be construed as objections to a prior Order of the undersigned magistrate judge, it should be resubmitted as objections to the presiding district judge;

5. Defendant's motion for leave to file Dr. Ahmed's Answer Instanter, and the joint motion of all Defendants for leave to file an Amended Answer (Docs. 62, 63) are GRANTED, with the Answers to be filed;

6. In light of paragraph 5 of this Order and the filing of Defendant Dr. Ahmed's Answer, Plaintiff's application for the ministerial entry of default by the Clerk of Court (Doc. 60) shall be stayed;

7. *Defendants shall file any response to Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 58) by* **September 18, 2017**, *with Plaintiff to file any reply not later than* **October 2, 2017**, following which the undersigned shall issue a Report and Recommendation on all dispositive motions that are then pending and fully ripe, including but not limited to Plaintiff's motion for entry of default judgment against Defendant Dr. Ahmed.

                 /s Stephanie K. Bowman
                 Stephanie K. Bowman
                 United States Magistrate Judge