UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER FOSTER,

    Plaintiff,

v.

STATE OF OHIO, et al.,

    Defendants.

Case No. 1:16-cv-920

Black, J.
Bowman, M.J.

**OPINION AND ORDER**

Plaintiff is a prolific filer of multi-page, single spaced, handwritten motions.[1] Nine such motions are currently pending in this prisoner civil rights case. This Order addresses all non-dispositive matters, with dispositive motions addressed by a separate Report and Recommendation ("R&R") filed this same day.

**I. Background**

Plaintiff, a prisoner currently incarcerated at the Southern Correctional Facility (SOCF) and a frequent litigant in both the state and federal courts of Ohio,[2] filed this §1983 action alleging violations of his civil rights while he was incarcerated at the Toledo Correctional Institution (ToCI), as well as after his transfer to SOCF.

---

[1]As of September 12, 2017, including the motion logged as Docket Entry 63, Plaintiff had filed at least twenty-four motions in this case. (Doc. 65). Plaintiff has greatly added to that tally since then.

[2]*See, e.g.,* Southern District of Ohio Case Nos: 1:14-cv-617; 1:14-cv-668; 1:14-cv-642; 1:15-cv-595; 1:15-cv-713; 1:16-cv-835;1:16-cv-846; *see also* Northern District of Ohio Case Nos. 3:15-cv-404; 3:16-cv-658; 3:16cv-2109; 3:16-cv-2168; 3:15-cv-2256; 3:16-cv-476; 3:16-cv-1535; 316-cv-1715. In addition, a recent filing by Plaintiff himself prompted this Court to briefly examine state court filings, which reflect fourteen cases filed by Plaintiff in the Ohio Court of Claims alone, plus a sufficient number of additional cases in the Franklin Court of Common Pleas to cause that court to consider whether Plaintiff should be deemed a "vexatious litigator."

1

Plaintiff's complaint alleges that while at ToCI, he suffered poor treatment, including but not limited to the improper disposal of his legal work and other property. In September 2014, he was transferred to SOCF, where Plaintiff alleges that he was subjected to racist and derogatory remarks, and was physically assaulted by a number of officers, including Defendants Rankin, Southworth, Neff, Parish, and John Doe, and possibly Workman. Plaintiff alleges that Defendant "Dr. Ahmed Fiscal" denied him medical care after the assault, and continues to deny him care for a skin disease. The original complaint contains additional allegations regarding Plaintiff's conditions of confinement, as well as an attack on Plaintiff's conviction and sentence.

Based upon Plaintiff's extensive litigation history, the undersigned filed an R&R recommending that Plaintiff's motion to proceed *in forma pauperis* be denied. The Prison Litigation Reform Act ("PLRA") includes a "three-strikes provision," whereby "[p]risoners whose suits or appeals are dismissed three or more times as frivolous, malicious, or failing to state a claim on which relief may be granted are barred from proceeding IFP 'unless the prisoner is under imminent danger of serious physical injury.'" *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (citing 28 U.S.C. § 1915(g)). Plaintiff had previously filed three or more cases that had been dismissed at the screening stage, and the initial R&R found he had failed to demonstrate "imminent danger" under 28 U.S.C. § 1915(g).[3] However, the presiding district judge rejected that

---

[3] Magistrate Judge Litkovitz also recommended the dismissal of an earlier complaint by Plaintiff that contained similar allegations under 28 U.S.C. § 1915(g). *See Foster v. Ohio*, Case No. 1:15-cv-595, 2015 WL 6542408 (S.D. Ohio Oct. 29, 2015). It is unclear whether the presiding district judge was aware of the similarity of the referenced prior complaint. The undersigned became aware of the similarity only recently, through the course of review of Plaintiff's past filings. In Case No. 1:15-cv-595, Judge Black severed claims against the ToCI Defendants and transferred them to the Northern District of Ohio. However, upon initial screening in that district, that court also dismissed on the basis of the three strikes provision. *See e.g., Foster v. Ohio*, Case No. 3:15-cv-2256, 2016 WL 537475 (N.D. Ohio Feb. 11, 2016).

R&R on December 5, 2016, determining that Plaintiff had "adequately alleged imminent harm in a manner sufficient to allow the Court to grant him *in forma pauperis* status," (Doc. 9 at 3, PageID 37).

Thereafter, the undersigned conducted a full screening of the merits of Plaintiff's claims in his initial complaint and a construed amendment (Doc. 10), under 28 U.S.C. § 1915(e). The Court determined that certain claims against certain Defendants in their official capacity could proceed, but that Plaintiff could not recover monetary damages because the State of Ohio enjoys Eleventh Amendment immunity. The Court reasoned:

> At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on his allegations that these defendants attacked him upon his arrival to SOCF. Plaintiff may also proceed with an excessive force claim against Sgt. Bear based on the January 17, 2017 attack as alleged in the supplement to the complaint. The undersigned further finds that plaintiff's claim that he has been denied medical care against Dr. Ahmed Fiscal may proceed. Finally, plaintiff may proceed with his conditions of confinement claims at SOCF, including his claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear.

(Doc. 12 at 6).

Simultaneously, the Court dismissed many claims and defendants. For example, the Court dismissed all claims against ToCI, SOCF and the Ohio Department of Rehabilitation and Correction, since only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. Additionally, the Court dismissed Plaintiff's conspiracy claims as insufficient to state a claim upon which relief may be granted. The Court dismissed Plaintiff's claims relating to the failure to investigate and/or respond to his grievances as insufficient to state a claim under § 1983. The Court held that Plaintiff also failed to state a claim upon which relief may be granted with

respect to the alleged destruction of his personal property, whether that claim was brought as a due process claim or, with respect to the alleged destruction of his legal materials, as a First Amendment right of access to the courts. The Court held that Plaintiff could not challenge the validity of his criminal conviction or continued incarceration in this civil rights case. The Court also dismissed any claims seeking to hold defendants liable for threats and verbal harassment, since such allegations are not sufficient to state a viable claim under the Eighth Amendment. Finally, the Court dismissed a long list of "conclusory" allegations against an even longer list of would-be individual defendants: Steve Carter, Major Warren, Roger Wilson, O'Connor, Oppy, Hammerick, Lt. Phillips, Coons, Danhoff, John Doe, Nurse Koons, Mike DeWine, Christopher Bagi, D.W.O. Bowerman, Lt. Copley, and David Bobby. *See id.*, 2017 WL 1394393, at *6 (S.D. Ohio 2017). In sum, only the following claims were permitted to proceed:

> (1) Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on plaintiff's allegation that these officers attacked him upon his arrival to SOCF; (2) excessive force claim against Sgt. Bear based on the January 17, 2017 attack; (3) deliberate indifference claim against Dr. Ahmed Fiscal; and (4) conditions of confinement claims at SOCF, including plaintiff's claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear. Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, the remainder of the complaint should be dismissed.

(Doc. 12 at 12, PageID62; adopted at Doc. 25).

Initially, service was perfected on Defendants Rardin, Parish, Bear, Erdos and Dyer, but was not perfected on Defendants Southworth, Neff, Workman, or Dr. "Ahmed Fiscal" – whose correct name defense counsel has clarified is "Dr. Faisal Ahmed." On

4

June 12, 2017, the undersigned recommended that Defendant Southworth (who died in 2014) be dismissed. The same R&R recommended denial of several motions filed by Plaintiff seeking default judgments against various Defendants based upon their alleged failures to answer or otherwise respond to Plaintiff's complaint. (Doc. 43). That R&R was adopted over Plaintiff's Objections on August 16, 2017. (Doc. 56).

Summons was later issued to the three remaining Defendants: Neff, Workman, and Dr. Ahmed. (Docs. 43, 44, 45). Defendants Neff and Workman filed an Answer, (Doc. 51), but counsel indicated he was filing as an "Interested Party" on behalf of the State of Ohio in place of Dr. Ahmed. (*Id.*) The undersigned subsequently granted Defendant Ahmed leave to file his Answer Instanter, and for other Defendants to file an Amended Answer. (Docs. 62, 63, 65, 66, 67).

## II. Pending Non-Dispositive Motions

### A. Plaintiff's Motion for Stipulations About Discovery Procedure (Doc. 64); Plaintiff's Notice "Advisory to Defendants" (Doc. 75)

In this motion, which Plaintiff has captioned as an "Advisory Motion," (Doc. 64 at 1), Plaintiff seeks to dictate details concerning Defendants' responses to Plaintiff's discovery requests, including that Defendants be required to file all such responses of record. Attached to Plaintiff's motion are copies of his written discovery requests. Plaintiff's motion will be denied. Plaintiff must serve his discovery requests directly on defense counsel. Absent circumstances not present here, neither discovery requests nor responses are to be routinely filed. Fed. R. Civ. P. 5(d). Instead, requests or responses to such requests should be filed only in connection with a motion before the Court. Only those specific portions of the discovery documents reasonably necessary

to a resolution of the motion shall be included as an attachment to the motion. *See* S.D. Ohio Civ. Local Rules 5.4 and 37.1.

To the extent construed as a motion to compel discovery, Plaintiff's motion is procedurally improper as it is clear he made no attempt to resolve any dispute prior to turning to this Court. *See* Rule 37, Fed. R. Civ. P. and S.D. Ohio Civ. Local Rule 37.1. Plaintiff also has filed a "Notice," captioned as an "Advisory to Defendants Solely on Basis of Stipulations About Discovery Procedure," (Doc. 75), which is somewhat repetitive of Plaintiff's motion. The Notice also complains that the Defendants have not timely responded to the discovery requests attached to Plaintiff's motion.

As a "Notice," this document requires no formal action by this Court. Even if it were construed as a motion to compel discovery, it still would be denied based upon Plaintiff's failure to comply with Local Rule 37.1. Solely in an effort to stave off more repetitive motions, however, the undersigned will encourage Defendants to respond to Plaintiff's discovery requests, despite the improper method of service of those requests.

### B. Motion for Relief from Magistrate Judge's Order and Motion to Strike Answer (Doc. 73)

On June 12, 2017, the undersigned denied multiple motions filed by Plaintiff. (Doc. 42; *see also* Doc. 43). In addition to filing both Objections and Supplemental Objections to the R&R that were addressed by the presiding district judge, (*see* Doc. 56), Plaintiff filed two additional motions seeking "relief" from the undersigned's Order. (*See* Docs. 57, 59). On September 12, 2017, the undersigned denied Plaintiff's prior motions for relief from the undersigned's Order. (Doc. 65). On September 25, 2017, Plaintiff filed yet another motion, this time seeking partial relief from the order denying

his last motion seeking relief from the original June 12, 2017 Order. Plaintiff's current motion also will be denied.

Plaintiff argues that his prior documents "were filed specifically <u>for District Judge Black</u>." (Doc. 73 at 1, emphasis in original). Plaintiff complains about the prior rulings made on his "motion for relief" (Doc. 57), and on his similarly captioned "motion for relief from void bias judgment." (Doc. 59). Unfortunately, Plaintiff continues to file documents captioned as **motions**, which are referred to the undersigned magistrate judge, rather than filing **objections**, which would be reviewed by the presiding district judge.

Nevertheless, the September 12, 2017 Order acknowledged the possibility that Plaintiff intended two motions (Docs. 57 and 59) to serve as "objections." With respect to each of the two motions, the Order stated:

> To the extent that the Plaintiff's motion is referred to the undersigned magistrate judge, the undersigned finds no cause to reconsider her prior rulings. In addition, to the extent the motion is construed as objections, such objections appear to be untimely as they were filed far beyond the fourteen-day period after service of the order. Pursuant to Rule 72(a), "[t]he district judge in the case must consider <u>timely</u> objections and modify or set aside any part of the order that is <u>clearly erroneous or is contrary to law</u>." *Id.* (emphasis added). Regardless, this particular motion appears to be directed to the presiding district judge, U.S. District Judge Black, as the motion's "conclusion" section specifies that Plaintiff seeks relief from him rather than the undersigned.

(Doc. 65 at 6, internal footnote omitted, emphasis original).

> [T]o the extent that any portion of Document 57 may be construed as objections to the prior Order of the undersigned magistrate judge under Rule 72(a), *the motion should be resubmitted as objections to the presiding district judge[.]*

(Doc. 65 at 9 ¶¶3-4).

If Plaintiff seeks further review by the presiding district judge of any Order filed by the undersigned magistrate judge, he must comply with Rule 72, Fed. R. Civ. P. Rule

7

72(a) states, in relevant part, that if a party disagrees with an order on a non-dispositive matter, he

> may serve and file **objections** to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*Id.* (emphasis added). Again, Rule 72(a) plainly sets forth the procedure to be followed when a litigant objects and seeks further review of any ruling on a non-dispositive matter that has been referred to a magistrate judge.[4] The rule instructs the litigant to timely file a document captioned as OBJECTIONS (not a motion) to whatever ruling for which he seeks further review. Plaintiff has repeatedly failed to comply with that procedure in seeking additional review of prior non-dispositive rulings, but instead has elected to file motions that properly have been referred to the undersigned magistrate judge.

Plaintiff's multi-part motion also seeks to strike Defendants' Answers to his complaint (Docs. 66, 67) and "advisory" [sic] on the document filed as Docket Entry 58. In the same September 12, 2017 Opinion and Order from which Plaintiff seeks "relief," the undersigned granted Defendant Dr. Ahmed's motion for leave to file that Defendant's Answer Instanter, as well as the motion of all Defendants to file an Amended Answer. (*See* Doc. 65). Plaintiff argues that this Court erred in granting those motions and should strike the pleadings as untimely. The undersigned finds no basis for reconsideration of the prior Order.

---

[4]As Plaintiff readily acknowledges in his motion, his pro se status does not excuse him from complying with the Federal Rules of Civil Procedure, as well as all applicable Local Rules and Orders of this Court. (Doc. 73 at 4).

8

## C. Motion to Reassign Case/Recusal (Doc. 72)

Though docketed as a motion to reassign this case to a different magistrate judge, this particular motion is construed as a motion seeking recusal of the undersigned magistrate judge. Throughout this litigation in many motions filed with this Court, Plaintiff has repeatedly accused the undersigned of bias. As the undersigned wrote in her last Order, Plaintiff's accusations appear to be

> based solely on adverse rulings that Plaintiff has received to date. To the extent that the motion is construed as a motion seeking recusal of the undersigned magistrate judge, the undersigned finds no cause to recuse, as all rulings have been made in accordance with controlling law, and no grounds exist that would support recusal based upon any bias or impropriety in this case.

(Doc. 65 at 7).

Plaintiff's second construed motion for recusal is denied. To justify recusal, "the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005)(citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). As another district court recently explained:

> 28 U.S.C. § 455 (a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." Under 28 U.S.C. § 455(a), a judge must recuse himself or herself "'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.1990)). The Supreme Court has held that under § 455(a), opinions formed by judges on the basis of facts introduced or events occurring "in the course of current proceedings, or of prior proceedings, do not constitute bias or partiality" unless they display "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a

judge. *See Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). *Williams v. Campbell*, 2016 WL 369689, at *2 (E.D. Mich. 2016). Thus, a disqualifying bias "must be a personal bias as distinguished from a judicial one[,] arising out of the judge's background and association and not from the judge's view of the law." *Easley v. University of Michigan Board of Regents,* 853 F.2d 1351, 1356 (6th Cir. 1988) (quoting *U.S. v. Story,* 716 F.2d 1088, 1090 (6th Cir. 1983)).

Having reviewed Plaintiff's latest motion accusing this magistrate judge of blatant favoritism toward the Defendants and judicial misconduct, the undersigned can do no more than reiterate her view that no cause exists for recusal in this case. Contrary to Plaintiff's belief, the undersigned does not "discriminate" against individuals proceeding pro se or *in forma pauperis*, regardless of whether or not they are incarcerated.[5] Every motion and every case is reviewed on its merits, and determined based upon the undersigned's consideration of the facts and law presented, no more and no less.

Plaintiff states in his current motion that he intends to pursue a complaint of judicial misconduct against the undersigned in the Sixth Circuit Court of Appeals. It is does not appear that, assuming Plaintiff files such a complaint, its existence would in itself require recusal. *See United States Securities and Exchange Commission v. Thorn*, 2007 WL 1544754 at *2 (S.D. Ohio May 24, 2007) (finding no grounds to dismiss in light of Sixth Circuit's determination that complaint of judicial misconduct was without merit).

---

[5]Not only would such discrimination violate the Code of Conduct for United States Judges, but such bias would require the undersigned to recuse in the majority of cases referred to her as a magistrate judge in this district.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. Plaintiff's motion for stipulations about discovery procedure (Doc. 64) is **DENIED**;

2. Notwithstanding paragraph 1 of this Order, Defendants shall respond to the written discovery requests attached as an exhibit to Plaintiff's motion (Doc. 64-1) as if those requests had been properly served on Defendants instead of filed of record;

3. Plaintiff's motion to reassign case, as construed as a motion for recusal (Doc. 72) is **DENIED**;

4. Plaintiff's multipart motion for relief of parts of magistrate [judge]'s order, and motion to strike (Doc. 73) is **DENIED**;

5. Consistent with the undersigned's last Order and the discussion above, Docket Entries 57, 59, and 73 should be submitted to the presiding district judge so that he may determine, in his discretion, whether to construe any of those motions as Objections to prior Orders of the undersigned magistrate judge;

6. Due to the number of repetitive and procedurally improper motions filed by Plaintiff to date, requiring the significant expenditure of judicial resources, Plaintiff is STRONGLY CAUTIONED to avoid filing additional frivolous motions prior to the close of discovery on March 15, 2018.  If Plaintiff files additional repetitive motions they will be summarily denied without further analysis.

/s Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge