UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| CHRISTOPHER FOSTER, | : | Case No. 1:16-cv-920 |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| STATE OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |


**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 98)**


This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on March 28, 2018, submitted a Report and Recommendations. (Doc. 98). Plaintiff filed objections on April

1

13, 2018. (Doc. 100).[1]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby **ADOPTED** in its entirety. Accordingly, **IT IS ORDERED** as follows:

1) Defendants' motion for judgment on the pleadings (Doc. 80) is **GRANTED IN PART**;

    a) The motion is **GRANTED** as to Plaintiff's claims that various Defendants employed excessive force against him shortly after his arrival at SOCF in September 2014, and that, also in 2014, Dr. Ahmed was deliberately indifferent to his serious medical needs;

    b.) The motion further is **GRANTED** for all claims brought against Defendant Warden Erdos, whether in his individual or official capacity;

---

[1] Plaintiff's objections are not well-taken. After reviewing the Report and Recommendations, and the extensive relevant record, both in this case and in the numerous other state and federal cases Plaintiff has filed during his incarceration, the Court concurs with the Magistrate Judge's conclusion that Defendant's motion for judgment on the pleadings should be granted with respect to two of the four remaining claims pursuant to the *Leaman* waiver doctrine. *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987) (en banc), *cert. denied*, 487 U.S. 1205 (1998). Plaintiff's excessive force claim relating to an alleged attack upon Plaintiff's arrival at SOCF, and his deliberate indifference claim against Dr. Faisal Ahmed, had both previously been raised in the Ohio Court of Claims, and so they are waived pursuant to *Leaman*. The Court also concurs with the Magistrate Judge's conclusion that Plaintiff's extremely extensive litigation history leads to the conclusion that his waiver was knowing and voluntary.

The Court also concurs with the Magistrate Judge's recommendation that both of Plaintiff's recently filed dispositive motions be denied. Plaintiff's motion for reconsideration or relief of order on issues of injunctive relief and temporary restraining order (Doc. 86) raises no cause to reexamine the Court's adoption of the previous Report and Recommendation denying plaintiff's motion for injunctive relief. (Doc. 78). Plaintiff's new motion to amend the complaint (Doc. 84), which seeks to modify this case into a class action on behalf of all inmates at SOCF, is impermissible due to Plaintiff's lack of standing, which was thoroughly outlined in the Report and Recommendations. (Doc. 98, at 23–24).

c.) The motion is **DENIED** as to Plaintiff's claim that Defendant Bear used excessive force against him in January 2017, as well as his claim that Defendants Bear and Dyer placed Plaintiff in a cell that was so deficient that its conditions violated the Eighth Amendment in January 2017;

2) Plaintiff's motion for reconsideration or relief (Doc. 86) is **DENIED**;

3) Plaintiff's motion to further amend/correct his complaint (Doc. 94) is **DENIED**.

**IT IS SO ORDERED**.

Date: 5/18/18

Timothy S. Black
United States District Judge