**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHRISTOPHER FOSTER,                               Case No. 1:16-cv-920

       Plaintiff,                                      Black, J.
                                                               Bowman, M.J.
   v.

STATE OF OHIO, et al.,

       Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff is a prolific prisoner litigant, filing multiple motions in numerous cases in the state and federal courts.[1] This Report and Recommendation ("R&R") addresses: (1) Plaintiff's motion for sanctions (Doc. 102); (2) Plaintiff's motion to reverse Order adopting the undersigned's last R&R and motion for summary judgment (Doc. 104); and (3) Plaintiff's Motion Trumping Penological Interest That Aren't Legit, Amending Doc. 104 in Part and Splitting its Rule 56 Merits, etc. (Doc. 105). All three motions should be DENIED.

---

[1] *See, e.g.,* Southern District of Ohio Case Nos: 1:14-cv-617; 1:14-cv-668; 1:14-cv-642; 1:15-cv-595; 1:15-cv-713; 1:16-cv-835;1:16-cv-846 and Northern District of Ohio Case Nos. 3:15-cv-404; 3:16-cv-658; 3:16-cv-2109; 3:16-cv-2168; 3:15-cv-2256; 3:16-cv-476; 3:16-cv-1535; 316-cv-1715. In addition, Plaintiff has filed at least fourteen cases in the Ohio Court of Claims alone, plus many additional cases in the Franklin Court of Common Pleas. Plaintiff has been sued by the Ohio Attorney General under Ohio Revised Code R.C. §2323.52 for his vexatious litigation. *See Ohio State Attorney General Mike Dewine v. Christopher Foster*, Case No. 16-cv-2732. Plaintiff also has litigated five actions in the Ohio Supreme Court. (Doc. 80 at 5-6). Not only has Plaintiff filed a large number of cases, but he inundates the courts with motions in the cases that he pursues. In the undersigned's last R&R, I noted that Plaintiff had filed at least 29 motions in this case alone, (see Doc. 78, n.1). As of this writing, that number that has risen to 42 motions in this record alone, not including multiple non-motion filings. (*See e.g.*, Docs. 76, 86, 87, 88, 92, 93, 94, 95, 97, 102, 103, 105, 108). Plaintiff's filings continue to consume a disproportionately large amount of this Court's judicial resources as compared to other pro se or even the prisoner litigant population at large.

**I. Background[2]**

Plaintiff, who is currently incarcerated at the Southern Correctional Facility (SOCF), filed this §1983 action alleging violations of his civil rights while he was incarcerated at the Toledo Correctional Institution (ToCI), as well as after his transfer to SOCF. Plaintiff previously had filed three or more cases that had been dismissed at the screening stage, prompting initial review under 28 U.S.C. § 1915(g), a "three strikes" provision included in the Prison Litigation Reform Act ("PLRA") intended to prevent frivolous and/or vexatious prisoner litigation.

Plaintiff's current complaint alleges that while at ToCI, Plaintiff suffered poor treatment, including but not limited to the improper disposal of his legal work and other property. In September 2014, he was transferred to SOCF, where Plaintiff alleges that he was subjected to racist and derogatory remarks, and was physically assaulted by a number of officers, including Defendants Rankin, Southworth, Neff, Parish, and John Doe, and possibly Workman. Plaintiff alleges that Defendant "Dr. Ahmed Fiscal" denied him medical care after the assault and continues to deny him care for a skin disease. The original complaint contains additional allegations regarding Plaintiff's conditions of confinement, as well as an attack on Plaintiff's conviction and sentence. Plaintiff's original complaint identified the following Defendants: the State of Ohio, Toledo Correctional Institution (ToCI), SOCF, and "several State actors" including Warden John Coleman, a group of unnamed ToCI correctional officers, Lt. Beiderman, Kelly Robertson, a group of unnamed Caucasian correctional officers, CO Southworth, Rardin, Neff, T. Parish, Cpt. Workman, Roger Wilson, Dr. Ahmed Fiscal (later corrected to Dr. Faisal Ahmed), DWSS

---
[2] The same background was set forth in the undersigned's last R&R but is repeated herein for the convenience of the Court.

Cadogan, DWO Cool, WMA Davis, Warden Morgan, CO Steve Carter, Major Warren, Ms. Aldridge, Sgt. Bear, Sgt. Felts, O'Connor, Oppy, Hammerick, Lt. Phillips, Nurse Coons, Danhoff, Ohio Attorney General Mike DeWine, Assistant Attorney General Christopher Bagi, DWO Bowerman, Lt. Copley, David Bobby, and Warden Erdos. (Docs. 1, 2).

Based upon Plaintiff's litigation history and number of prior dismissals, the undersigned filed an R&R on October 11, 2016 recommending that Plaintiff's motion to proceed *in forma pauperis* in this case be denied, and that this case be dismissed unless Plaintiff immediately paid the full filing fee. The relevant statutory provision, 28 U.S.C. § 1915(g), prohibits frequent filers with a similar history of dismissals from "proceeding IFP 'unless the prisoner is under **imminent danger** of serious physical injury.'" *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (citing 28 U.S.C. § 1915(g), emphasis added).

On December 5, the presiding district judge rejected the October 11, 2016 R&R, concluding that Plaintiff had adequately alleged "imminent danger" in a manner that permitted him to file this lawsuit without prepayment of a filing fee, based upon four separate documents that were not before the undersigned at initial screening, but instead were filed in response to the R&R. (Doc. 9 at 3). The Court liberally construed the collection of documents as objections, since "[e]ach of these filings attempt to address the …recommendation that Plaintiff be denied *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g)." (Doc. 9 at 1-2). The Court specifically cited new allegations that "[s]taff members have been planning their next attack on me," and that Plaintiff does not "know when the C/Os that once attacked me previously or Bare [sic], the sergeant that threatens to attack me regularly here is going to act," (*id.*, citing Docs. 7 and 8), as well as Plaintiff's reference to being denied medical treatment for a "skin disease." (*Id.*)

3

Based upon the rejection of the R&R dismissing this lawsuit under 28 U.S.C. §1915(g), the undersigned re-screened Plaintiff's initial complaint under 28 U.S.C. §1915(e). In addition, the undersigned screened the allegations in a construed amendment to the complaint that Plaintiff filed on January 27, 2017. (*See* Doc. 10). Pursuant to a second R&R filed on February 28, 2017 and adopted by the Court on April 18, 2017, the Court dismissed most claims and defendants, but permitted four specific claims to go forward, against Defendants Rardin, Southworth, Neff, Parish, John Doe, Workman, Warden Erdos, Dyer, Bear, Dyer, and Dr. Ahmed:

> (1) Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on plaintiff's allegation that these officers attacked him upon his arrival to SOCF; (2) excessive force claim against Sgt. Bear based on the January 17, 2017 attack; (3) deliberate indifference claim against Dr. [Faisal Ahmed]; and (4) conditions of confinement claims at SOCF, including plaintiff's claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear.

(Doc. 12 at 12, PageID 62; adopted at Doc. 25).

It is worth noting that after service of the complaint/supplemental complaint on the four referenced claims, the undersigned discovered that Plaintiff has previously filed other complaints that contain remarkably similar allegations, one or more of which complaints also were previously dismissed based upon the referenced "three strikes" provision and/or for failure to pay the requisite filing fee.[3] As the undersigned previously explained,

---

[3]In *Foster v. Ohio*, Case No. 1:15-cv-595, 2015 WL 6542408 (S.D. Ohio Oct. 29, 2015), Magistrate Judge Litkovitz recommended the dismissal of an earlier complaint by Plaintiff that contained similar allegations. However, the undersigned did not become aware of the similarity until subsequent review of this complaint and comparison with Plaintiff's past filings. In Case No. 1:15-cv-595, Judge Black severed claims against the ToCI Defendants and transferred them to the Northern District of Ohio. However, upon initial screening in that district, the Northern District also dismissed on the basis of the three strikes provision. *See e.g., Foster v. Ohio*, Case No. 3:15-cv-2256, 2016 WL 537475 (N.D. Ohio Feb. 11, 2016). *See also, generally,* Northern District of Ohio Case No. 3:16-cv-2168 (Order of 11/17/16 dismissing case as barred by three strikes rule and as duplicative of Case No. 3:16-cv-2109, alleging that Plaintiff has been assaulted, pulled from his wheelchair, thrown to the floor, punched and kicked upon transfer to LCCC, with property unlawfully

4

however, it is unclear whether any prior dismissal(s) would bar the instant suit, in light of Plaintiff's new assertion of "imminent danger." (*See* Doc. 43 at 6, PageID 246).

In any event, other than the four referenced claims, the Court found that "the remaining allegations in the complaint fail to state a claim upon which relief may be granted" and therefore recommended full dismissal of "the remainder of the complaint." (Doc. 12 at 12). The Court determined that Plaintiff could not recover monetary damages because the State of Ohio enjoys Eleventh Amendment immunity. The Court also dismissed all claims against ToCI, SOCF and the Ohio Department of Rehabilitation and Correction, since only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. §1983. Additionally, the Court dismissed Plaintiff's conspiracy claims as insufficient to state a claim upon which relief may be granted. The Court dismissed Plaintiff's claims relating to the failure to investigate and/or respond to his grievances as insufficient to state a claim under § 1983. The Court held that Plaintiff also failed to state a claim upon which relief may be granted with respect to the alleged destruction of his personal property, whether that claim was brought as a due process claim or, with respect to the alleged destruction of his legal materials, as a First Amendment right of access to the courts. The Court held that Plaintiff could not challenge the validity of his criminal conviction or continued incarceration in this civil rights case. The Court also dismissed any claims seeking to hold defendants liable for threats and verbal harassment, since such allegations are not sufficient to state a viable claim under the Eighth Amendment. Finally, the Court dismissed a long list of "conclusory" allegations against an even longer list of would-be individual defendants: Steve Carter, Major Warren, Roger Wilson,

---

taken, with additional allegations that his wheelchair was taken and that he has not received medical treatment).

5

O'Connor, Oppy, Hammerick, Lt. Phillips, Coons, Danhoff, John Doe, Nurse Koons, Mike DeWine, Christopher Bagi, D.W.O. Bowerman, Lt. Copley, and David Bobby. (*See* Doc. 12. at 11-12).

Initially, service was perfected only on Defendants Rardin, Parish, Bear, Erdos and Dyer. Defendants John Doe and Southworth (who died in 2014) were dismissed. Multiple motions filed by Plaintiff seeking default judgments against various Defendants based upon their alleged failures to answer or otherwise respond to Plaintiff's complaint were denied. (Docs. 43, 56). Summons was later issued to Defendants: Neff, Workman, and Dr. Ahmed. (Docs. 43, 44, 45). All Defendants then filed answers and/or amended answers, (Docs. 62, 63, 65, 66, 67), and moved for judgment on the pleadings on November 28, 2017.

Pursuant to the Court's calendar order, discovery was set to conclude on March 15, 2018, with all dispositive motions to be filed on or before May 15, 2018 (Doc. 52). However, discovery appears to be incomplete, as Defendants filed a motion to stay all discovery shortly after they moved for judgment on the pleadings. (Doc. 84).

Throughout this case, Plaintiff has kept up a frenetic pace of motion practice. In an Opinion and Order filed on November 2, 2017, the undersigned warned Plaintiff that future repetitive and frivolous motions would be summarily denied:

> Due to the number of repetitive and procedurally improper motions filed by Plaintiff to date, requiring the significant expenditure of judicial resources, Plaintiff is STRONGLY CAUTIONED to avoid filing additional frivolous motions prior to the close of discovery on March 15, 2018. If Plaintiff files additional repetitive motions they will be summarily denied without further analysis.

(Doc. 77 at 11). In an R&R filed on the same date, the undersigned also denied five dispositive motions filed by Plaintiff: (1) two motions for a preliminary injunction and

6

temporary restraining order; (2) Plaintiff's application for entry of default; (3) Plaintiff's motion for default judgment against Dr. Ahmed; (3) Plaintiff's multi-part motion to strike and to order the state to cease torture; and (4) Plaintiff's motion for judgment on the pleadings.

Plaintiff filed multiple documents that were liberally construed by the presiding district judge as objections (and supplements to objections), all of which the Court found to be "without merit." (Doc. 81 at 1, n.1). In overruling Plaintiff's objections, the presiding district judge also cautioned Plaintiff, warning him that his filings have been in violation of Fed. R. Civ. P. 11, because they "consist largely of foul, repetitive, and completely unsubstantiated denigrations of the Magistrate Judge's impartiality and character," and placing him on notice that "[f]urther such behavior will not be tolerated" and "will result in sanctions, potentially including the summary dismissal of this case." (Doc. 81 at 2, n.1, PageID 502).

On March 28, 2018, the undersigned filed another R&R in which it was recommended that Defendants' motion for judgment on the pleadings in this case be granted, as to Plaintiff's claims that multiple Defendants employed excessive force against him shortly after his arrival at SOCF in September 2014 and that, also in 2014, Dr. Ahmed was deliberately indifferent to his serious medical needs. The undersigned further recommended that judgment be granted for all claims brought against Defendant Warden Erdos, whether in his individual or official capacity. (Doc. 98). On May 18, 2018, U.S. District Judge Black overruled Plaintiff's objections and adopted the R&R in its entirety for the opinion of the Court. (Doc. 101).

Following entry of the Court's last Decision and Entry Adopting the R&R, only two claims and two Defendants remain in this case: (1) Plaintiff's excessive force claim against Defendant Sgt. Bear based upon an incident that allegedly occurred on January 19, 2017 that was detailed in the "supplement" to Plaintiff's complaint (Doc. 10); and (2) a general "conditions of confinement" claim against Defendants Dyer and Bear at SOCF, including Plaintiff's claims regarding wheelchair accessibility in his current cell. (Doc. 10). With respect to the latter claim, although neither Dyer nor Bear were even mentioned in Plaintiff's original complaint, new allegations in Plaintiff's "supplement" (Doc. 10) implied that Bear and Dyer placed him in an inaccessible and filthy cell (identified as the K-2 unit, cell 6) as a form of punishment after the January 19, 2017 incident.

## II. Pending Motions

### A. Plaintiff's Motion for Sanctions (Doc. 102)

In this motion, Plaintiff seeks an Order from this Court requiring Defendants to pay $15,000…for causing unduly delay, harassment, and obstruction of official business to the Plaintiff for attorney fees and dues." The primary basis for the sanctions Plaintiff seeks is alleged delay in receipt of Defendants' discovery responses, although Plaintiff's motion characteristically contains other allegations relating to unspecified Defendants' "retaliation" against him and other inmates. As grounds for the imposition of a monetary sanction, Plaintiff points to two documents filed of record. (Docs. 77, 99).

Document 77 is a November 2, 2017 Order filed by the undersigned and provides no basis for the imposition of the monetary sanction that Plaintiff seeks. In the Order, the undersigned explained that one of Plaintiff's earlier discovery motions was entirely improper and would be denied. Nevertheless, the undersigned wrote: "Solely in an effort

8

to stave off more repetitive motions… the undersigned will encourage Defendants to respond to Plaintiff's discovery requests, despite the improper method of service of those requests." (Doc. 77 at 6; *id.* at ¶¶ 1-2). Clearly, this Court's November 2, 2017 Order provides no grounds for imposing discovery sanctions on the Defendants.

Soon after that Order was filed, in December 2017, the Defendants sought to stay all discovery pending the resolution of their Motion for Judgment on the Pleadings. (Doc. 84). The Defendants' motion for a stay remained pending until March 2018, but on January 22, 2018, the undersigned filed an Order striking from the record another discovery motion improperly filed by Plaintiff. (Doc. 90).

On March 28, 2018, the undersigned recommended granting in part the Defendants' motion for judgment on the pleadings, thereby considerably narrowing the permissible scope of discovery. On the same date, the Court denied as "moot" the motion for a continued stay of *all* discovery. (Doc. 99). However, in recognition that discovery effectively had been stayed by the dispositive motion, and significantly narrowed in scope based on the granting of that motion, the undersigned extended the discovery deadline until May 15, 2018 to complete the very limited remaining discovery on the claims against Dyer and Bear. Plaintiff filed objections to the R&R granting partial judgment to the Defendants. Allowing time for briefing, the presiding district judge did not overrule the Plaintiff's objections and adopt the March 2018 R&R until May 18, 2018.

Plaintiff's latest motion for sanctions, like his prior motions, fails to fully comply with Local Rule 37.2 and Rule 37.1 and could be denied on that procedural basis alone. However, Defendants' response indicates that they tendered responsive discovery to Plaintiff on June 14, 2018.

In his reply memorandum, Plaintiff acknowledges receipt of outstanding discovery responses through the prison mail system on June 22, 2018. Nevertheless, Plaintiff seeks to strike any stated objections in those written responses based upon the responses being "overdue." Plaintiff also claims that a PLRA rule that limits recovery of attorney fees in prisoner lawsuits does not apply to this case of ADA claims." (Doc. 106 at 4). However, no "ADA claims" remain in this case; the only two claims that remain under 42 U.S.C. § 1983 are detailed above and relate to the January 17, 2017 incident.

Although Plaintiff's motion for sanctions seeks attorney's fees, Plaintiff proceeds pro se. As detailed above, Plaintiff's repetitive and frequently frivolous motions have been the cause of significant delay in this case. Indeed, Plaintiff's litigious nature has resulted in the imposition of a statutory prohibition against him from filing any additional lawsuits in this Court *in forma pauperis* absent a showing of "imminent danger."

Like most of his prior motions, Plaintiff's latest discovery motion is procedurally improper and wholly without merit. Until the Court overruled Plaintiff's objections to the last R&R on May 18, 2018, the scope of discovery remained indeterminate in scope. Based on the record as a whole, the undersigned finds no basis for imposition of any discovery sanctions against the Defendants.

### B. Plaintiff's Motion to Reverse Order Adopting R&R and Motion for Summary Judgment (Doc. 104)

The undersigned previously has detailed the Plaintiff's propensity to file frivolous motions for "reconsideration" that are referred to the undersigned under the Court's standing order, in addition to filing objections to orders and R&Rs that are appropriately referred to the presiding district judge. (Docs. 65, 77). On June 19, 2018, Plaintiff filed a

combined "motion to reverse Order and for summary judgment on Defendants with verification and exhibits in support attached…." (Doc. 104).

To the extent that Plaintiff's motion seeks to revisit the R&R filed on March 28, 2018, the undersigned declines to do so. Likewise, the undersigned will not recommend that the presiding district judge reverse his adoption of that R&R for the opinion of the Court. The Court fully considered and overruled Plaintiff's objections to the R&R prior to filing his Decision and Entry Adopting the R&R. (Doc. 101). Plaintiff has failed to show that ruling was in error.

Plaintiff's alternative and/or combined motion for summary judgment also should be denied. The vast majority of the Plaintiff's motion concerns claims and Defendants previously dismissed by this Court under prior rulings, including but not limited to prior screenings under 28 U.S.C. § 1915 and the Court's most recent grant of judgment on multiple claims to most Defendants.[4] With the possible exception of Exhibit 9, which merely evidences the undisputed fact of Plaintiff's transfer on January 19, 2017, all of the attached exhibits predate the time frame and/or do not concern any issue that remains in this case. Again, only two claims against two Defendants remain at issue: (1) an excessive force claim against Defendant Sgt. Bear based upon events of January 19, 2017 that was detailed in the "supplement" to Plaintiff's complaint (Doc. 10); and (2) a general "conditions of confinement" retaliation claim against Defendants Dyer and Bear at SOCF, also relating to events of January 19, 2017. (Doc. 10).

---

[4] Despite the Court's rulings, the docket sheet does not currently reflect the termination of many Defendants, including Officer Rardin, Officer Neff, Officer Parish, John Doe Officer, Steven Workman, Dr. Ahmed Fiscal, and Warden Erdos, even though all claims against those Defendants have been dismissed. (See Docs. 12, 25, 43, 98, 101). As a matter of procedural formality, this R&R recommends the clarification of the record in that regard.

To the extent that Plaintiff attempts to present any evidence and argument concerning his alleged entitlement to judgment against Defendants Dyer and Bear on the only remaining two claims in this case, the undersigned recommends denial of the motion for summary judgment on procedural grounds, insofar as Plaintiff essentially re-filed the same motion as a separate motion for summary judgment on July 2, 2018, (*see* Doc. 108). Alternatively, this earlier version of his motion should be denied on the merits because his cursory argument is unsupported by any evidence.

## C. Plaintiff's Combined Motion Trumping Penological Interest That are Not [Legit], Amending (Doc. 104) In Part and Spitting Its Rule 56 Merits, And As to the Trump for ADA Transfer (Doc. 105)

This combined motion is so similar to multiple prior motions filed by Plaintiff that the undersigned finds no need for extensive analysis. The motion seeks preliminary injunctive relief through transfer to another institution, and also seeks to "amend" Plaintiff's motion seeking this Court's reconsideration of its prior rulings and for summary judgment. To the extent that Plaintiff once again seeks transfer to another penological institution or similar injunctive relief, the undersigned fully incorporates as if fully restated the analysis of this issue contained in her prior R&R denying the same relief, as adopted by the presiding district judge. (Docs. 78, 81). In addition, regardless of any "amendment" of Plaintiff's prior motion for reconsideration, the same result should be obtained.

Finally, as to any argument intended to support Plaintiff's second multi-part motion for summary judgment, the undersigned again finds much of the motion to be irrelevant because it seeks judgment in Plaintiff's favor against previously dismissed Defendants, and on previously dismissed claims. And, while Plaintiff does include 34 pages of exhibits and some argument that pertains to claims against Defendants Dyer and Bear, the

undersigned recommends denying that portion of his motion without prejudice on procedural grounds in light of Plaintiff's later-filed (third) motion for summary judgment (Doc. 108), which supersedes and renders moot this second duplicative motion.[5]

### D. Plaintiff's (Third) Motion for Summary Judgment (Doc. 108)

On July 2, 2018, Plaintiff filed a motion for summary judgment, to which Defendants have filed a response in opposition. Plaintiff's third motion for summary judgment is now fully briefed. Plaintiff recently filed what have been docketed as two separate reply memoranda, together with 28 pages of exhibits attached to each "reply."

Defendants' response in opposition alludes to Defendants' assertion of qualified immunity.[6] Pursuant to the Court's last scheduling Order, **Defendants Bear and Dyer have until September 17, 2018 in which to file any additional dispositive motions**.[7] (Doc. 99). Defendants' response implies that they intend to file such a motion. (*See* Doc. 109, pointing to evidence in Defendants' favor and arguing that Plaintiff "has filed to overcome Defendants' qualified immunity"). In the interests of justice the undersigned will not address Plaintiff's motion for summary judgment until briefing is concluded on Defendants' anticipated counter-motion.

---

[5]Plaintiff's most recent filing of a motion for summary judgment does not include all of the same exhibits that are attached to the "combined motion" filed as Document 105. However, pursuant to Rule 56, Fed. R. Civ. P., this Court may consider any evidence filed of record when considering a motion for summary judgment. In the interests of justice, the undersigned will consider the Exhibits attached as Doc. 105-1 in connection with Plaintiff's most recent (third) iteration of his motion for summary judgment, to the extent that the exhibits may be relevant to his claims or argument presented.

[6]Qualified immunity is a defense that is relevant only for claims filed against the Defendants in their individual capacity. Noting limitations in the argument presented and that Plaintiff initially sued Defendants only in their official capacities, this Court previously denied Defendants' motion for judgment on the basis of qualified immunity, but without prejudice to renew if appropriate. (Doc. 98 at 22-23).

[7]The Court's Order indicates that the dispositive motion deadline was extended to September 15, 2018. However, that date falls on a Saturday. The next business day is Monday, September 17, 2018.

## III. Conclusion and Recommendations

For the reasons discussed above, **IT IS RECOMMENDED THAT:**

1. The Court should dismiss all claims against Officer Rardin, Officer Neff, Officer Parish, John Doe Officer, Steven Workman, Dr. Ahmed Fiscal, and Warden Erdos consistent with prior R&Rs and Orders;

2. Plaintiff's motion for sanctions (Doc. 102) should be DENIED;

3. Plaintiff's motion to reverse Order and/or for Summary Judgment (Doc. 104) should be DENIED;

4. Plaintiff's motion trumping penological interests, et. al., (Doc. 105) should be DENIED;

5. A ruling on Plaintiff's most recent Motion for Summary Judgment (Doc. 108) should be stayed pending the completion of briefing on Defendants' anticipated counter-motion, if that motion is timely filed on or before September 17, 2018.

                                                   */s Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHRISTOPHER FOSTER,

    Plaintiff,

  v.

STATE OF OHIO, et al.,

    Defendants.

Case No. 1:16-cv-920

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).