# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHRISTOPHER FOSTER,

    Plaintiff,

v.

STATE OF OHIO, et al.,

    Defendants.

Case No. 1:16-cv-920

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff is a prolific prisoner litigant, filing multiple motions in numerous cases in the state and federal courts.[1] To date, the undersigned has filed <u>seven</u> Report and Recommendations ("R&Rs") in this case, as well as numerous orders. (*See* R&Rs filed at Docs. 4, 12, 43, 78, 98, 112, 126). Apart from the first R&R which was declined, the past six R&Rs have been adopted as the opinions of the Court. Most importantly, on January 16, 2019 the presiding district judge adopted an R&R filed on December 21, 2018 over the objections of the Plaintiff. That Order resulted in entry of a final and appealable judgment in favor of the Defendants, and the closure of this case.

---

[1] *See, e.g.,* Southern District of Ohio Case Nos: 1:14-cv-617; 1:14-cv-668; 1:14-cv-642; 1:15-cv-595; 1:15-cv-713; 1:16-cv-835;1:16-cv-846 and Northern District of Ohio Case Nos. 3:15-cv-404; 3:16-cv-658; 3:16-cv-2109; 3:16-cv-2168; 3:15-cv-2256; 3:16-cv-476; 3:16-cv-1535; 316-cv-1715. In addition, Plaintiff has filed at least fourteen cases in the Ohio Court of Claims alone, plus many additional cases in the Franklin Court of Common Pleas. Plaintiff has been sued by the Ohio Attorney General under Ohio Revised Code R.C. §2323.52 for his vexatious litigation. *See Ohio State Attorney General Mike Dewine v. Christopher Foster*, Case No. 16-cv-2732. Plaintiff also has litigated five actions in the Ohio Supreme Court. (Doc. 80 at 5-6). Not only has Plaintiff filed a large number of cases, but he inundates the courts with motions in the cases that he pursues. Plaintiff had filed at least 43 separate motions in this record alone, not including dozens of non-motion filings. Plaintiff's filings continue to consume a disproportionately large amount of this Court's judicial resources as compared to other pro se or even the prisoner litigant population at large.

1

Plaintiff is nothing if not persistent, however, and has filed three post-judgment documents, including two additional motions. (Docs. 130, 131, 132). For the reasons that follow, all post-judgment motions should be DENIED and Plaintiff should be expressly PRECLUDED from filing any additional motions in this case. If any further post-judgment motions are filed by Plaintiff, the undersigned recommends that they be summarily DENIED.

## I. Background[2]

Plaintiff, who is currently incarcerated at the Southern Correctional Facility (SOCF), filed this §1983 action in September 2016, alleging violations of his civil rights while he was incarcerated at the Toledo Correctional Institution (ToCI), and after his transfer to SOCF. Plaintiff previously had filed three or more cases that had been dismissed at the screening stage, prompting initial review under 28 U.S.C. § 1915(g), a "three strikes" provision included in the Prison Litigation Reform Act ("PLRA") intended to prevent frivolous and/or vexatious prisoner litigation.

Plaintiff's original complaint alleged that while at ToCI, Plaintiff suffered poor treatment, including but not limited to the improper disposal of his legal work and other property. In September 2014, he was transferred to SOCF, where Plaintiff alleged that he was subjected to racist and derogatory remarks, and was physically assaulted by a number of officers, including Defendants Rankin, Southworth, Neff, Parish, John Doe, and possibly Workman. Plaintiff alleged that Defendant "Dr. Ahmed Fiscal" denied him medical care after the assault and continues to deny him care for a skin disease. The original complaint contains additional allegations regarding Plaintiff's conditions of

---
[2] Most of this background has been set forth in prior R&Rs but has been repeated for the convenience of the Court.

confinement, as well as an attack on Plaintiff's conviction and sentence. Plaintiff's complaint identified more than thirty individual defendants and several institutional defendants, including: the State of Ohio, Toledo Correctional Institution (ToCI), SOCF, and "several State actors" including Warden John Coleman, Lt. Beiderman, Kelly Robertson, several groups of unnamed correctional officers, Correctional Officers ("C/Os") Southworth, Rardin, Neff, T. Parish, Cpt. Workman, Roger Wilson, Dr. Ahmed Fiscal (later corrected to Dr. Faisal Ahmed), DWSS Cadogan, DWO Cool, WMA Davis, Warden Morgan, C/O Steve Carter, Major Warren, Ms. Aldridge, Sgt. Bear, Sgt. Felts, O'Connor, Oppy, Hammerick, Lt. Phillips, Nurse Coons, Danhoff, Ohio Attorney General Mike DeWine, Assistant Attorney General Christopher Bagi, DWO Bowerman, Lt. Copley, David Bobby, and Warden Erdos. (Docs. 1, 2).

Based upon the number of prior dismissals of Plaintiff's frivolous lawsuits, the undersigned filed an initial R&R on October 11, 2016, recommending that Plaintiff's motion to proceed *in forma pauperis* in this case be denied, and that this case be dismissed unless Plaintiff immediately paid the full filing fee. (Doc. 4). The relevant statutory provision, 28 U.S.C. § 1915(g), prohibits frequent filers with a similar history of dismissals from "proceeding IFP 'unless the prisoner is under **imminent danger** of serious physical injury.'" *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (citing 28 U.S.C. § 1915(g), emphasis added).

On December 5, 2016 the presiding district judge rejected that first R&R, concluding that Plaintiff had alleged "imminent danger" in a manner that permitted him to file this lawsuit without prepayment of a filing fee, based upon four separate documents that were not before the undersigned at initial screening, but instead were filed in

3

response to the first R&R. (Doc. 9 at 3). The Court liberally construed the collection of documents as objections, since "[e]ach of these filings attempt to address the …recommendation that Plaintiff be denied *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g)." (Doc. 9 at 1-2). The Court specifically cited new allegations that "[s]taff members have been planning their next attack on me," and that Plaintiff does not "know when the C/Os that once attacked me previously or Bare [sic], the sergeant that threatens to attack me regularly here is going to act," (*id.*, citing Docs. 7 and 8), as well as Plaintiff's reference to being denied medical treatment for a "skin disease."[3] (*Id.*)

Based upon the rejection of the first screening R&R dismissing this lawsuit, the undersigned re-screened Plaintiff's initial complaint, together with a new document filed on January 27, 2017. (Doc. 10). The latter document was captioned: "The Contemporaneous Imm[i]nent Danger Described Has Occurred In Majority, Evolved & Escala[t]ed." (*Id.*) Consistent with the presiding district judge's liberal construction of Plaintiff's confusing assortment of filings, the undersigned construed several new allegations contained in the document as a supplement or amendment to Plaintiff's original complaint. (*See* Doc. 12, discussing Doc. 10).

Pursuant to a second R&R filed on February 28, 2017 and adopted on April 18, 2017, the Court dismissed most claims and defendants, but permitted certain claims to go forward against Defendants Rardin, Southworth, Neff, Parish, John Doe, Workman, Warden Erdos, Dyer, Bear, and Dr. Ahmed. Specifically, the Court permitted the following four claims:

> (1) Eighth Amendment excessive force claims against defendants Rardin, Southworth, Neff, Parish, John Doe, and Workman based on

---

[3]Plaintiff subsequently identified his "skin disease" as "contact dermatitis and eczema" for which he allegedly was prescribed medicated soap. (Doc. 116 at 10).

4

plaintiff's allegation that these officers attacked him upon his arrival to SOCF; (2) excessive force claim against Sgt. Bear based on the January 17, 2017 attack; (3) deliberate indifference claim against Dr. [Faisal Ahmed]; and (4) conditions of confinement claims at SOCF, including plaintiff's claims regarding wheelchair accessibility, against defendants Warden Erdos, Dyer, and Bear.

(Doc. 12 at 12, adopted at Doc. 25).[4] Ironically, after service of the complaint/supplemental complaint on those four claims, the undersigned discovered that Plaintiff had previously filed other similar complaints that had been dismissed based upon the referenced "three strikes" provision and/or for failure to pay the requisite filing fee.[5] As the undersigned previously explained, however, it is unclear whether the prior dismissal(s) would have barred this suit, given Plaintiff's new assertion of "imminent danger." (*See* Doc. 43 at 6).

In any event, other than the four referenced claims, the Court found that Plaintiff had failed to state a claim upon which relief may be granted and recommended full dismissal of "the remainder of the complaint." (Doc. 12 at 12). The specific claims dismissed by that R&R are recounted in part in the most recent R&R, (*see generally* Doc. 126). Relevant to the current post-judgment motions, it is sufficient to point out that the Court dismissed at the screening level any challenge to the validity of Plaintiff's criminal conviction or continued incarceration in this civil rights case. (*See* Doc. 12 at 11-12).

---

[4]Plaintiff asserts that he requires a wheelchair based upon gunshot wounds suffered in 2011. (Doc. 1 at 2).
[5]In *Foster v. Ohio*, Case No. 1:15-cv-595, 2015 WL 6542408 (S.D. Ohio Oct. 29, 2015), Magistrate Judge Litkovitz recommended the dismissal of an earlier complaint by Plaintiff that contained similar allegations. The undersigned did not become aware of the similarity until subsequent review of this complaint and comparison with Plaintiff's past filings. In Case No. 1:15-cv-595, Judge Black severed claims against the ToCI Defendants and transferred them to the Northern District of Ohio. However, upon initial screening in that district, the Northern District also dismissed on the basis of the three strikes provision. *See e.g., Foster v. Ohio*, Case No. 3:15-cv-2256, 2016 WL 537475 (N.D. Ohio Feb. 11, 2016). *See also, generally,* Northern District of Ohio Case No. 3:16-cv-2168 (Order of 11/17/16 dismissing case as barred by three strikes rule and as duplicative of Case No. 3:16-cv-2109, alleging that Plaintiff has been assaulted, pulled from his wheelchair, thrown to the floor, punched and kicked upon transfer to LCCC, with property unlawfully taken, with additional allegations that his wheelchair was taken and that he has not received medical treatment).

Initially, service was perfected only on Defendants Rardin, Parish, Bear, Erdos and Dyer. Defendants John Doe and Southworth (who died in 2014) were dismissed pursuant to an R&R filed on June 12, 2017 and adopted on August 16, 2017. (Docs. 43, 56). The Court also denied multiple motions filed by Plaintiff seeking default judgments against various Defendants based upon their alleged failures to answer or otherwise respond to Plaintiff's complaint. (*Id.*) Summons was later issued to Defendants Neff, Workman, and Dr. Ahmed. (Docs. 43, 44, 45). All Defendants then filed answers and/or amended answers and moved for judgment on the pleadings. (Docs. 62, 63, 65, 66, 67).

Throughout this case, Plaintiff kept up a frenetic pace of motion practice. In an Opinion and Order filed on November 2, 2017, the undersigned warned Plaintiff that future repetitive and frivolous motions would be summarily denied. (Doc. 77 at 11). On the same date, the undersigned filed an R&R that recommended the denial of five of Plaintiff's dispositive motions. (Doc. 78). Plaintiff filed multiple documents that were again liberally construed by the presiding district judge as objections (and supplements to objections) to that R&R, all of which the Court found to be "without merit." (Doc. 81 at 1, n.1). In overruling Plaintiff's objections, the presiding district judge cautioned Plaintiff, warning him that his filings have been in violation of Fed. R. Civ. P. 11, because they "consist largely of foul, repetitive, and completely unsubstantiated denigrations of the Magistrate Judge's impartiality and character," and placed him on notice that "[f]urther such behavior will not be tolerated" and "will result in sanctions, potentially including the summary dismissal of this case." (Doc. 81 at 2, n.1).

On March 28, 2018, the undersigned filed a fifth R&R recommending that Defendants' motion for judgment on the pleadings be granted as to claims that multiple

6

Defendants employed excessive force against Plaintiff shortly after his arrival at SOCF in September 2014 and that, also in 2014, Dr. Ahmed was deliberately indifferent to his serious medical needs. The undersigned further recommended that judgment be granted for all claims brought against Defendant Warden Erdos, whether in his individual or official capacity. (Doc. 98). On May 18, 2018, U.S. District Judge Black overruled Plaintiff's objections and adopted that R&R for the opinion of the Court. (Doc. 101).

Following entry of Judge Black's May 18, 2018 Decision and Entry Adopting the fifth R&R, only two claims and two Defendants remained: (1) Plaintiff's excessive force claim against Defendant Sgt. Bear based upon an incident that allegedly occurred on January 19, 2017 that was detailed in the construed "supplement" to Plaintiff's complaint and (2) a general "conditions of confinement" claim against Defendants Dyer and Bear at SOCF, including Plaintiff's claims regarding wheelchair accessibility in disciplinary segregation. Of note, neither claim appeared in Plaintiff's original complaint. Instead, the two claims that remain were alleged for the first time in the January 27, 2017 document construed as an amendment or supplement to the original complaint. (*See* Doc. 10).

On September 12, 2018, the undersigned filed a sixth R&R recommending the denial of multiple additional dispositive motions filed by Plaintiff, including: (1) a motion for sanctions; (2) a motion to reconsider the March 28, 2018 R&R and/or to reverse Judge Black's adoption of that R&R; (3) a motion for summary judgment in Plaintiff's favor on previously dismissed claims, and (4) a multi-part "Combined Motion Trumping Penological Interest That are Not [Legit], Amending (Doc. 104) In Part and Spitting Its Rule 56 Merits, And As to the Trump for ADA Transfer (Doc. 105)." (Doc. 112).

7

On December 21, 2018, the undersigned filed a seventh R&R in this case, recommending the grant of the remaining Defendants' cross-motion for summary judgment and denial of the Plaintiff's repetitive third dispositive motion. (Doc. 126). The presiding district judge adopted that R&R on January 16, 2019, entering a final Judgment and closing this case. (Doc. 128, 129).

**II. Plaintiff's Post-Judgment Filings Are Vexatious**

In response to the seven prior R&Rs filed in this case, Plaintiff filed not only objections as permitted under Rule 72, but frequently a hodgepodge of other documents and motions. (*See, e.g.*, Docs. 6, 7, 8, 10, 14, 15, 16, 17, 20, 21, 22, 23, 24, 26, 27, 28, 31, 35, 36, 37, 38, 39, 46, 47, 48, 50, 54, 57, 58, 59, 60, 61, 64, 68, 72, 73, 74, 75, 76, 79, 80, 82, 85, 86, 87, 88, 91, 92, 93, 94, 95, 96, 97, 100, 102, 104, 105, 106, 107, 108, 110, 111, 115, 116, 117, 120, 123, 127). Each single-spaced handwritten motion or other document filed by Plaintiff was painstakingly reviewed and objectively considered prior to the entry of final judgment, no matter how nonsensical, frivolous, or repetitious. At this juncture, this case has been concluded. In the interests of justice and judicial economy, and considering the interests of the public and the litigants in upholding a final judgment, the liberality that this Court has afforded Plaintiff's prolific pro se filings must end. Plaintiff's continued post-judgment filings continue to consume a great deal of this Court's limited judicial resources. Having reviewed Plaintiff's latest three filings, the undersigned concludes that they are comprised largely of repetitious arguments previously considered and rejected.

Plaintiff's first post-judgment filing is a "Motion Under the 1st Step Act," in which Plaintiff seeks various forms of retroactive relief including but not limited to a preliminary

injunction and/or temporary restraining order. (Doc. 130).[6] The undersigned takes judicial notice that the First Step Act is a criminal justice reform bill signed into law in December 2018, which expands in-prison and post-release employment programming, includes components related to sentencing alternatives, revises drug penalties including the "three strikes" rule for certain drug offenses, and mandates treatment for opioid and heroin abuse. Other than the reference to the First Step Act in the caption of the motion itself, Foster's 10-page single-spaced handwritten memorandum and accompanying exhibits do not explain the relevance of the First Step Act, but instead simply reiterate earlier allegations and claims already dismissed by this Court.[7] Regardless of whether *any* portion of the First Step Act would apply to Plaintiff in any capacity, the Act bears no relationship to any claim presented in this now-closed case, which was litigated for more than two years prior to the entry of judgment. There is no legal basis for reopening this case to permit Plaintiff to attempt to litigate a brand new claim or to file a newly amended complaint to renew previously dismissed claims.[8] Enough is enough. The undersigned recommends denial of Plaintiff's post-judgment "First Step Act" motion.

The undersigned further recommends denial of Plaintiff's "motion to amend" this Court's judgment, which Plaintiff filed on February 7, 2019. (Doc. 132). In this second post-judgment motion, Plaintiff seeks to "amend" (reverse) this Court's prior entry of a final judgment under Rule 59(e), Fed. R. Civ. P. It is worth noting that this motion is

---

[6] Prior the entry of judgment in favor of the Defendants, Plaintiff's motions seeking preliminary injunctive relief and TRO were denied. (*See, e.g.*, Docs. 58, 74, 78, 81, 86, 97, 98, 99, 101).
[7] Some allegations in the "First Step Act" motion appear to be new; for example, Plaintiff now claims that he suffers from a "terminal illness." Previously in this case Plaintiff complained about the adequacy of medical treatment for a non-fatal "skin disease," later identified as contact dermatitis and eczema.
[8] As reflected in the Background section of this R&R, several of Plaintiff's filings were liberally construed as amendments to his complaint in this case. While Plaintiff continued to attempt to amend his complaint throughout the litigation, the Court eventually denied further amendments. (Docs. 43, 56, 98, 101).

consistent with similar prior motions in which Plaintiff sought to amend/reverse or otherwise modify prior adverse rulings by this Court in this same case. All of the prior motions were denied. (*See* Docs. 57, 59, 65, 73, 77, 104, 107, 112). In his latest attempt to change the outcome of this litigation, Plaintiff argues that the Court erred by failing to fully consider his objections to the seventh R&R, because the presiding district judge referred to those objections as "untimely." Plaintiff proceeds to offer a convoluted explanation for the untimely filing, alleging that the Defendants and/or other institutional authorities took steps to prevent timely delivery to this Court. (Doc. 132). The remainder of the "motion to amend" reiterates old allegations and claims previously dismissed by this Court, though Plaintiff adds a few new references to the First Step Act and his newly alleged "terminal illness." (*See* Doc. 132 at 2).

Plaintiff's Rule 59(e) motion should be denied for multiple reasons, including but not limited to the fact that the motion is founded on the mistaken premise that Plaintiff's objections to the seventh R&R were not considered by the presiding district judge prior to the entry of final Judgment. To the contrary, although the Court noted that Plaintiff's objections were technically untimely, the Court clearly considered the objections on the merits. "[T]he Court finds that Plaintiff's objections are not well-taken." (Doc. 128 at 1; *see also id.* at 3 (overruling objections)).

Plaintiff's Rule 59 motion concludes with a cursory alternative request that this Court issue a "certificate of appealability" should Rule 59 relief be denied. (Doc. 132 at 5). Each such request is made on a case-by-case basis. *See, e.g., Foster v. Erdos*, 2018 WL 1638680 (S.D. Ohio April 4, 2018); *Foster v. Warden, Toledo Correctional Inst.*, 2017 WL 3124154 at n.4 (certifying pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would

not be taken in good faith and that petitioner is denied leave to appeal *in forma pauperis* upon a showing of financial necessity). In the case presented, 28 U.S.C. § 1915(g) prevents Plaintiff from appealing in forma pauperis absent a showing that he faces imminent danger.[9] Assuming that Plaintiff could make an adequate showing, he still is required to submit an application and affidavit to proceed without prepayment of fees and a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the notice of appeal obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). Plaintiff has failed to submit the requisite application and affidavit to proceed without prepayment of fees form or certified copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the notice of appeal as required by the PLRA. The undersigned therefore recommends that – to the extent Plaintiff's motion to amend is alternatively construed as seeking leave to proceed in forma pauperis on appeal - that any construed motion be denied.

Finally, Plaintiff has filed a "Supplemental Response in Opposition" (Doc. 131), which appears to be a memorandum advocating the denial of the entry of judgment in Defendants' favor. Because judgment has already been entered, because the

---

[9] The fact that Plaintiff was permitted to initiate this case under the "imminent danger" exception does not mean that he should be permitted to prosecute an appeal in forma pauperis, unless he can establish he continues to face imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed). Allegations of past harms are insufficient to meet the exception. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (en banc). Plaintiff's post-judgment motions include only vague and conclusory references to a "continuing imminent danger." In light of the record of this case including the entry of judgment in Defendants' favor on all claims on which Plaintiff's original "imminent danger" allegations rested, the undersigned concludes that the record refutes the existence of any imminent danger.

11

memorandum is not a "motion" requiring this Court's response, and because the undersigned has expended an inordinate amount of time on this case reviewing and (ultimately) rejecting the same repetitious arguments, no further action will be taken on this document. Plaintiff also should be precluded from filing further post-judgment motions in this case.

### III. Conclusion and Recommendations

For the reasons discussed above, **IT IS RECOMMENDED THAT:**

1. Plaintiff's two post-judgment motions (Docs. 130, 132) should be **DENIED**;

2. In the interests of judicial economy and because his post-judgment filings in this case are repetitious, frivolous, and vexatious, the Court should enter an Order precluding Plaintiff from filing any further post-judgment motions in this case. Such an order should not preclude the filing of Objections to this Report and Recommendation, but would authorize summary denial of any extraneous post-judgment motions without the need for additional Reports and Recommendations in this closed case;

3. To the extent Plaintiff's request for a certificate of appealability is construed as an additional motion seeking leave to proceed in forma paupers on appeal, it should be **DENIED**. Instead, for the reasons discussed above this Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons stated an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wriggleworth*, 114 F.3d 601(6th Cir. 1997).

       */s Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHRISTOPHER FOSTER,

    Plaintiff,

v.

STATE OF OHIO, et al.,

    Defendants.

Case No. 1:16-cv-920

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).